RICHARD ROE, casual ejector, and ELBERT KEETER, tenant, etc., plaintiffs in error, vs. JOHN DOE, ex dem., JOSEPH SMITH, defendant in error.

1. To authorize the plaintiff in ejectment to use the name of a third person as lessor, he must show that he has a *bona fide* subsisting claim to the premises, and that there is a connection between his title and that of the party upon whose demise he seeks to recover; or that he has authority of that person in whom the paramount title is vested, to institute the suit in his name.

Ejectment, in Cherokee Superior Court. Tried before Judge GEORGE D. RICE, at the March Term, 1860.

This was an action brought in the name of John Doe, on the demise of Joseph Smith, against Richard Roe, casual ejector, and Elbert Keeter, tenant in possession, to recover lot of land No. 141, in the 14th district of the 2d section of Cherokee county.

On the trial of the case, the plaintiff proved the *locus in quo* and possession of the tenant, and read the grant from the State to Joseph Smith for the land in dispute, and closed his testimony.

The defendant introduced various deeds, which it is not necessary to describe in this statement, and proved by Col. James R. Brown, attorney for the plaintiff, that he did not know Joseph Smith, the grantee, had never been employed

Keeter *vs.* Smith.

by him, had no connection with him, and had never had any intercourse or correspondence with him whatever; that he was employed by Mackey A. Keith, who claimed to own the land, to bring and prosecute this case, and that the same was being prosecuted for Keith's benefit.

Defendant also proved by Mackey A. Keith, that he delivered the grant, with some deeds, to Col. James R. Brown, and employed him to bring and prosecute this case; that he did not know Joseph Smith, the grantee; had never bought the land from him, and had no authority to use his name or title in this case, except that he had the grant to Smith, and claimed title to the land.

Counsel for defendant moved to dismiss the action, on the ground that it appeared, by the proof, that Mackey A. Keith was prosecuting said case for his own benefit, and was using the name and title of Joseph Smith without his authority or consent, and without privity with Smith, for the purpose of ousting one in possession of the land under claim of right and title.

The presiding Judge overruled the motion to dismiss, and defendant excepted. Counsel for defendant also asked the Court to charge the jury, "that if they were satisfied, from the evidence, that Joseph Smith, the grantee, never employed counsel to bring and prosecute this case, and never gave any authority for the use of his name or title, and that Keith is using Smith's name and title without his consent, and without privity or connection with Smith, then the plaintiff cannot recover."

The Court refused so to charge, and defendant excepted.

The jury found for the plaintiff the premises in dispute with costs of suit.

Counsel for defendant then made a motion for a new trial, based upon several grounds, and amongst them, on the ground:

That the Court erred in not dismissing the case upon the motion of defendant's counsel, and in refusing to charge the jury as hereinbefore stated.

The Court refused the new trial, and the writ of error in this case is prosecuted to reverse that judgment.

IRWIN & LESTER, for plaintiff in error.

J. R. BROWN, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

There was in this case, in the Court below, a motion for a new trial on several grounds, all of which being overruled, and the motion refused, plaintiff in error excepted.   One of these grounds assigns error in the refusal of the Court to dismiss the suit, after the evidence on both sides was closed, because it appeared from the proof, "that one Keith was prosecuting said action of ejectment, solely upon the demise of one Joseph Smith, for the benefit of said Keith, without having connected himself with the title of said Smith, and without any authority from him to use his name, to oust one in possession of the land under claim of right and title."

Another ground assigns error in the refusal of the Court to charge, when so requested, that under such circumstances the plaintiff could not recover.

The question involved in both grounds is the same, and was decided by this Court in Adams *et al.*, vs. McDonald, 29th Ga. Reports, 571.   The facts in that case and in this, *quoad* the question under consideration, are identical, and it was there ruled, that " to authorize the plaintiff in ejectment to use the name of a third person as lessor, he must show that he has a *bona fide* subsisting claim to the premises, and that there is a connection between his title and that of the party upon whose demise he seeks to recover; or that he has the authority of that person in whom the paramount title is vested, to institute the suit in his name.

The learned Judge cites in support of that ruling the cases, Couch vs. Turner *et al.*, 17th Ga. Reports, 487, and Kinsey vs. Sensbough, Ibid, 540.

The judgment of the Court below, in the case at bar, is in conflict with that case, and must therefore be reversed.

Hesters *et al.*, *vs.* Coats.

Courts should not permit parties to avail themselves of the fictitious character of the action of ejectment to perpetrate injustice to others.

Let the judgment be reversed.