## GEORGIA IRON AND COAL COMPANY *v.* ALLISON *et al.*

LITTLE, J. 1. Under the rulings made in *Hilliard* v. *Connelly*, 7 *Ga.* 172, and *Brewster* v. *Wooldridge*, 100 *Ga.* 305, the trial judge did not err in overruling a demurrer to a declaration in the common-law form of ejectment on the ground that this form of action had been abolished. The rulings made in the cases named are to the effect that the right to institute an action in that form was neither destroyed nor abridged by the judiciary act of 1799, nor by any of the subsequent acts of the General Assembly, prescribing the form and character of pleadings which should thereafter be used in this State. The request of counsel for the plaintiff in error to review the cases named can not be granted, inasmuch as one member of the court is absent, and can not participate in the decision of this case. See section 5 of the act approved December 17, 1896, Van Epps' Code Supp. § 6252, p. 76.

2. A demurrer to a declaration brought in the form above stated, on the ground that no abstract of title was attached thereto, was properly overruled. The provision found in the Civil Code, § 5002, to the effect that an abstract of the title relied on shall be annexed to a declaration for the recovery of land and

mesne profits, was codified from an act approved December 8, 1860 (Acts 1860, p. 43), which by its terms amended an act approved December 27, 1847 (Cobb's Digest, 490), which prescribes a short form of a declaration for the recovery of land and mesne profits, and does not apply to actions in ejectment brought in the common-law form.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*

Argued October 10, — Decided October 30, 1902.

Ejectment.  Before Judge Fite.  Bartow superior court.  January 30, 1902.

*John W. & Paul F. Akin,* for plaintiff in error.
*J. W. Harris* and *J. T. Norris,* contra.