GREEN, administrator, *et al.* v. SCURRY *et al.*

ATKINSON, J. 1. On direct examination a witness was asked: "Did you have any information in the early part of the year 1902 to the effect that John Walker had escaped from the penitentiary?" On objection the court refused to allow the question to be answered. In an exception to this ruling it was not stated that the counsel informed the court what

.answer was expected, but it was stated that the counsel expected the answer "that he had." *Held*, that the proper practice would have been ior counsel to have stated to the court the answer that he expected. *Cæsar* v. *State*, 127 *Ga.* 710 (5), 715 (67 S. E. 66). And the testimony ·elicited should have related to facts, rather than to mere "information" ·of the witness. *Atlanta Consolidated Street Railway Co.* v. *Bagwell*, 107 *Ga.* 158 (33 S. E. 191).

2. While a trial judge may, within the restrictions prescribed by Civil Code, § 5331, direct a verdict, this court will in no case reverse a judgment refusing to do so. *Central of Georgia Ry. Co.* v. *Mote*, 131 *Ga.* 166 (62 S. E. 164).

3. Under the doctrines announced in the cases of *Wilson* v. *Allen*, 108 *Ga.* 275 (33 S. E. 975), and *Murchison* v. *Green*, 128 Ga. 339 (57 S. E. 709, 2 L. R. A. (N. S.) 702), the evidence was not of such character as authorized the judge to direct a verdict in favor of the applicant. For other cases see note to Smith *v.* Fuller (Iowa), 16 L. R. A. (N. S.), 98.

　　　　　*Judgment reversed. All the Justices concur.*

MAY 11, 1910.

Appeal. Before Judge Park. Mitchell superior court. April 23, 1909.

Eugenia Scurry filed a petition to the court of ordinary, alleging that James Scurry departed this life on December 21, 1906, leaving petitioner (his widow) and two minor children surviving him; and she prayed that a year's support as allowed under the provisions of the Civil Code, § 3465, be set aside for them out of the estate of the deceased. After the return of the appraisers Aaron Scurry, as guardian and next friend of Jamie Scurry, filed a caveat objecting to the allowance of the year's support, on the grounds: (*a*) that caveator's ward was the only heir at law of the deceased; (*b*) that the petitioner was never the lawful wife of the deceased, and that the minor child referred to in the petition was not the lawful daughter of the deceased; (*c*) that the amount set apart was excessive. On the hearing the ordinary sustained the objections and refused the allowance prayed for by the applicants. The case was appealed to the superior court. On the trial in the latter court Eugenia Scurry testified, that she was married to James Scurry in Mitchell county, in November, 1903, and that she had one child about five years old that was the child of James Scurry and herself. On cross-examination the witness further testified, that her name originally was Eugenia Vick; that she was married to John Walker on January 31, 1897; that John Walker was convicted of murder in Mitchell superior court at the Octo-

ber term, 1901, and was sent to the penitentiary for life; that she heard, about a year after he was sent to the penitentiary, that he was killed while in the penitentiary, this information having been given to her by George Davis prior to the time she married James Scurry; that she did not make any further inquiries as to whether or not it was true that John Walker was so killed; and that James Scurry had by a former wife one lawful son, Jamie, the caveator's ward. The applicant introduced the petition for a year's support, together with the orders of the ordinary and the return of the appraisers setting apart certain property as a year's support; and then rested. The caveator moved that the court direct a verdict in his favor. The motion was overruled, and he excepted. A witness for the caveator testified, that he knew John Walker, who had been working on his farm for about a year or two before he was sent to the penitentiary; and that about February, 1902, witness went to John Walker's brother's house one night, and thought he saw John Walker there. He would not be positive that it was John Walker, but to the best of his knowledge it was John Walker. Caveator introduced a certified copy of the "conviction and sentence" of John Walker, showing his conviction in the superior court and sentence to the Georgia penitentiary; dated October 26, 1901; also, a certified copy of the marriage license issued to John Walker and Eugenia Vick, with the certificate of the justice of the peace that he married them on January 31, 1897. While J. H. Baggs, a witness for the caveator, was on the stand, he was asked, on direct examination, "Did you have any information in the early part of the year 1902 to the effect that John Walker had escaped from the penitentiary?" counsel "expecting the answer that he had." Upon objection the court refused to allow the witness to answer. Upon the close of all of the evidence the judge, on motion, directed a verdict in favor of the applicant; and the caveator excepted to each of the rulings heretofore stated.

*Davis & Merry,* for plaintiff in error.

*Spence & Bennet* and *Cox & Peacock,* contra.