## GLOVER v. NEWSOME.

1. A deed described with land conveyed as "one lot of land in town of Gibson, Georgia, with all improvements thereon, containing two acres, more or less, bounded as follows: on the north by public road from Gibson to Underwood causeway and lot of said [grantee]; bounded west by Pound street of said town; bounded east by public alley; bounded south by other lots of" the grantor. *Held*, that such description did not show on its face that the lot conveyed constituted an undivided part of a larger tract owned by the grantor, so that the descriptive words, "bounded south by other lots of" the grantor, could be declared, as matter of law, so indefinite in reference to the southern line of the lot conveyed as to render the deed void.

2. Although it appeared from the evidence that the grantor had acquired five acres of land, more or less, in one body, of which that conveyed to the grantee formed a part, evidence was admissible on behalf of the plaintiff to show, that, prior to the making of the deed above mentioned, the tract (except a small piece separated from the main body by an alley, and not lying south of the lot in dispute) had been divided into two lots by a ditch through which ran a branch, beside which was a fence, so that one lot was north of the ditch and fence and one south of them; that later the grantor conveyed to the same grantee the remainder of the original five-acre tract, describing the part south of the ditch and fence as a town lot "No. 1," and bounded on the north by the lands of the grantee; that the two lots had been treated as separate; that the grantee received possession under the first deed to the line marked by the deed and the fence, and held it continuously until a tenant moved out, when possession was retaken by the grantor; and that the grantee had conveyed the lot south of the ditch or branch to a third person.

3. The verdict was supported by the evidence, and there was no error of law requiring a new trial.

DECEMBER 18, 1914.

Equitable petition. Before R. C. Norman, judge pro hac vice. Glascock superior court. October 8, 1913.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*J. C. Newsome,* contra.

LUMPKIN, J. Laura E. Newsome (who had been Laura E. Glover by intermarriage with J. M. Glover, from whom she was afterward divorced) filed an equitable petition against J. M. Glover, alleging, that the defendant had conveyed to her a certain lot of land, and that she was the owner of it in fee simple; that she took possession of it and occupied it through tenants; that, about eight years after the date of the deed, her tenant moved from the property, and immediately the defendant wrongfully took possession of it. She sought to recover possession of the property and damages, and to

obtain an injunction against the defendant, his family, agents and employees, restraining them from using, occupying, or molesting the property. The defendant admitted making the deed, but denied that the plaintiff had paid the purchase-price, or that the deed had been delivered, and alleged that it was void on account of the uncertainty of the description contained in it. The presiding judge granted an interlocutory injunction. This judgment was reversed on the ground that the injunction granted was mandatory in character. *Glover* v. *Newsome,* 134 *Ga.* 375 (67 S. E. 935). On the trial the jury found that the plaintiff recover the premises. The defendant moved for a new trial, which was denied, and he excepted.

The controlling question is whether the description in the deed from the defendant to the plaintiff was so uncertain that the conveyance was a nullity, or whether other evidence could be introduced to explain the description and apply it to its subject-matter. The description in this deed was as follows: "One lot of land in town of Gibson, Georgia, with all improvements thereon, containing two acres, more or less, bounded as follows: on the north by public road from Gibson to Underwood causeway and lot of said Laura E. Glover; bounded west by Pound street of said town; bounded east by public alley; bounded south by other lots of J. M. Glover." The defendant pleaded, and offered evidence tending to show, that he had acquired title to five acres of land in one tract, and that the land above described was cut off from such tract, leaving a portion of it south of the lot thus sought to be described. His counsel relied on the case of *Huntress* v. *Portwood,* 116 *Ga.* 351 (42 S. E. 513), where an owner of an irregularly shaped tract of land, embracing approximately three hundred and seven and one half acres, sought to convey a part of it described as "containing two hundred acres, more or less, bounded as follows: on north by land of E. I. Anderson; on east by lands of Daniel Evans, colored; on south by land of Addison Ogletree; on west land said Absalom G. Evans and Mary E. Evans" (the grantors). It was held that as to the western boundary the description was so indefinite that the deed was void for uncertainty. There are several points of difference, however, between that case and the one now under consideration. There is nothing on the face of the deed involved in the present case to show that the lot conveyed by it formed a part of a larger tract owned by the grantor, and was sought to be separated from it only

by the conveyance. The expression, "bounded south by other lots of J. M. Glover," does not indicate a conveyance of a part of a general tract, but rather that there were other lots of the grantor, lying south of that conveyed, which either had not been a part of the same general tract with it, or which had previously been segregated from it so as to constitute distinct and separately defined lots. Evidence was introduced, over objection by the defendant, tending to show that in fact there was a ditch and a fence, erected prior to the date of the deed above mentioned, separating the lot conveyed to the plaintiff from that south of it, retained by the defendant, so that substantially there were two distinct and separate lots at the time of the conveyance, rather than a single undivided tract of land. Again, the plaintiff introduced evidence to show that, under the deed, she was given possession to the fence and the ditch through which ran a branch, thus recognizing an established line of division between the lots. Still further, about a year after the making of the deed above mentioned, the defendant made another deed to the plaintiff in which he conveyed to her the remaining three acres, more or less, not included in the first deed. The second deed conveyed four town lots, "Nos. 1, 2, 3, and 4, situated in the town of Gibson, Glascock county, Georgia, lot No. 1, containing three acres, more or less, bounded as follows: on the north by lands of Laura E. Glover; east by 20-ft. alley of I. S. Peebles Sr.; south by lands of Martha Glover; west by street running north and south," etc. In this description the defendant, as a grantor, treated the lot above described as a town lot of a certain number, and recognized the lands of the defendant (the lot conveyed by the former deed) as being so definitely fixed as to furnish a northern boundary for the land then conveyed. By this instrument he conveyed to the plaintiff all of the land which had been originally embraced in the five-acre tract. Subsequently the plaintiff conveyed to another the land acquired under the second deed lying south of the ditch and fence, describing it as bounded on the north "by run of branch which flows through Gibson by old shop." It was further shown that, prior to the date of the first conveyance from the defendant to the plaintiff, the defendant had executed to a third person, for the purpose of securing an indebtedness, a deed to the lot first conveyed to the plaintiff. In this security deed he described the lot as "bounded south by other lot of J. M. Glover." After the first conveyance to

the plaintiff, the holder of the security deed having died, a person, reciting himself to be the executor of such decedent, executed a deed to the plaintiff, describing the southern boundary of the lot in the same way as it was described in the security deed.

Here, then, we have a description which does not on its face indicate that the land described was merely a part of a general tract, and evidence that there was a marked and defined line between the lot so conveyed and that south of it, and that possession had been given to such line. When the defendant showed that the lot had formerly been embraced in a conveyance of five acres, evidence was introduced tending to show that the lot first conveyed had been separated from the rest of the tract (all of which lay south of that conveyed, except perhaps a small piece lying to the east and across an alley), in the manner indicated, before it was conveyed, and that subsequently the rest of the tract had been conveyed by the defendant to the plaintiff. It would be extraordinary if the plaintiff had deeds from the defendant covering the entire tract, but one of them should be declared void as against the grantor because of an alleged uncertainty in fixing the line between the two parts of her land. This case is not controlled by the decision in *Huntress* v. *Portwood,* supra. See, in this connection, 3 Washb. Real Prop. (6th ed.) § 2320; *Ray* v. *Pease,* 95 *Ga.* 153 (22 S. E. 190); *Horton* v. *Murden,* 117 *Ga.* 72 (3), 75 (43 S. E. 786); *Shackelford* v. *Orris,* 129 *Ga.* 791 (59 S. E. 772); *Moody* v. *Vondereau,* 131 *Ga.* 521 (62 S. E. 821).

There was no error in admitting in evidence the deed from the defendant to the plaintiff, conveying the land in dispute, or in admitting the additional testimony tending to show that before the conveyance was made the lot included in it had been separated from the remainder of the original tract by a well-defined line; that the grantee was put into possession up to such line; that subsequently the grantor conveyed the other lot to the same grantee, bounding it on the north by the lot first conveyed, thus conveying to her all the land that was included in the original tract; and that the grantee had later conveyed the lot described in the second deed to a third party, retaining that included in the first deed. If there was error in admitting the deed to the plaintiff from a person describing himself as executor of one to whom the defendant had executed a deed to secure a debt, without proof that such person was the executor

of the deceased, the error will not require a new trial, under the facts of the case.

While there was some conflicting evidence as to the payments of money between the parties, the jury settled the conflict in favor of the plaintiff. Nothing in the motion for a new trial requires a reversal.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*