## Gaskins *v.* Guthrie.

Fish, C. J. 1. "To authorize the plaintiff in ejectment to use the name of a third person as lessor, he must show that he has a bona fide subsisting claim to the premises, and that there is a connection between his title and that of the party upon whose demise he seeks to recover; or that he has authority of that person in whom the paramount title is

vested, to institute the suit in his name." *Keeter* v. *Smith*, 32 *Ga.* 445 (79 Am. D. 303). For other rulings to the same effect see cases cited in Powell on Actions for Land, § 33. On the trial of this case (an action of ejectment) the plaintiff introduced in evidence a grant from the State to a named person and a deed from such person to another, in both of whom demises were laid; also evidence to the effect that plaintiff had received from his guardian, who was in no wise connected with such alleged lessors, the original grant and deed above mentioned, and that neither he nor his attorney had ever seen either of such lessors, nor had been authorized by either of them to bring this suit. There was no other evidence tending to show any connection between the claim of the plaintiff and that of such alleged lessors. While there was evidence tending to connect plaintiff's claim with lessors in other demises laid, there was no evidence of title or possession in such lessors, nor anything to connect them with the title of the lessors in the demises first above mentioned. *Held,* that on the conclusion of the evidence the judge did not err in dismissing the case.

2. Certain grounds of the motion for new trial which complained of rulings on admissibility of evidence show no error.

*Judgment affirmed. All the Justices concur.*

MAY 15, 1917.

Ejectment. Before Judge Thomas. Berrien superior court. March 22, 1916.

*Hendricks, Mills & Hendricks,* for plaintiff.

*Joseph A. Alexander* and *Denmark & Griffin,* for defendant.