### ASKEW *v.* AMOS.

HILL, J. 1. The general rule is that estoppel, to be relied on, must be pleaded. *Irvine* v. *Wiley,* 145 *Ga.* 867 (3), 868 (90 S. E. 69).

(*a*) But equitable estoppel can be urged on the trial of a claim case, without special pleadings to so authorize. *Wright* v. *McCord,* 113 *Ga.* 881 (2), 882 (39 S. E. 510). And see *Frick Co.* v. *Taylor,* 94 *Ga.* 683 (21 S. E. 713).

(*b*) Where a mortgage fi. fa. is levied upon land and a claim thereto filed, it is not error on the trial to admit evidence tending to show that the mortgage which is the foundation of the fi. fa. has been paid, over the objection that there are no pleadings to authorize such evidence. Nor is it error in such case to admit evidence tending to show that the plaintiff in fi. fa. said to an agent of the claimant, before the latter bought the land in controversy, that so far as he knew there was no lien against it, and to show that the claimant had bought the land on the faith of that statement.

2. Under the evidence it was not error to charge the jury thus: "The claimant insists, gentlemen, that at the time of the purchase of this land, that he, being represented by another person, made inquiry of the plaintiff in this case with reference to the title to this property, and that the plaintiff, B. H. Askew, made the assertion or statement that so far as he knew or understood, that there was no claim or lien against this land in question, that the title was good; and that relying upon that representation he purchased the land."

3. While some portions of the charge excepted to are inaptly expressed, in view of the entire charge a reversal will not result.

4. The evidence was sufficient to support the charges complained of in the 12th and 13th grounds of the motion for a new trial.

5. "No request being made to charge as to the burden of proof, or the preponderance of evidence, mere failure to charge on these topics will not require a new trial." *Small* v. *Williams,* 87 *Ga.* 681 (6), 682 (13 S. E. 589). See *Gunn* v. *Harris,* 88 *Ga.* 439 (5) (14 S. E. 593).

6. The admission of evidence as to declarations by the mortgagor, made both before and after a sale of a portion of the mortgaged premises,

which was objected to as hearsay, was not cause for a reversal, in the light of the evidence in its entirety and the charge of the court restricting the issue to that of estoppel based upon the sayings and conduct of the mortgagee.

7. The evidence was sufficient to authorize the verdict, and the court did not err in overruling the motion for a new trial. The other assignments of error are without substantial merit.

*Judgment affirmed. All the Justices concur.*

No. 345. FEBRUARY 12, 1918. REHEARING DENIED FEBRUARY 25, 1918.

Claim. Before Judge Harrell. Baker superior court. April 14, 1917.

B. H. Askew obtained a fi. fa. based on a mortgage given by Thomas Rabon on a certain tract of land twenty years previously, and duly recorded. The fi. fa. was levied on the land, and a claim was filed by W. F. Amos, who claimed to have purchased the land from Rabon about eight years before the levy. The claim was in the usual form, without any supplemental or equitable pleadings. Amos on the trial sought to show that Askew was estopped from enforcing his fi. fa. against the land, because he (Askew) had stated to him (Amos) before he bought the land that there was no lien against it; and that Amos had bought it on the faith of Askew's statement. Askew denied that the mortgage had been paid, or that he had made such statement with reference to the lot of land levied on, insisting that the lot he had stated he had no lien upon was an entirely different lot. Much of the evidence to the above effect was objected to by Askew, on the ground that there were no pleadings to authorize a defense of payment, or of estoppel; and the objections were overruled. The jury returned a verdict for the claimant. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

*Pope & Bennet,* for plaintiff.

*E. L. Smith, A. L. Miller,* and *B. W. Fortson,* contra.