### FELDER *v.* ROBERTS.

ATKINSON, J. 1. In an action of complaint for land it appeared that both parties claimed to have derived title from the same person. The court charged: "I charge you, gentlemen, that where a plaintiff sues for the recovery of land, the plaintiff must rely upon the strength of his own title, and not upon the weakness of the title of his adversary." *Held:* The charge stated a correct principle of law, and was not erroneous for the reasons that (1) the charge "was not adapted to the pleadings and evidence;" (2) "that both parties claimed title from a common grantor, and the court, instead of charging as complained of, should have charged in effect that they should find in favor of that party to the suit whom they believed held the better title from such common grantor;" (3) that the charge "placed a

burden upon the plaintiff which, under the pleadings and evidence in the case, he was not required to carry."

(*a*) While the relative strength of the title derived from a common grantor should always determine the result in a case such as referred to, nevertheless the plaintiff is not relieved in the first instance from the burden of establishing his connection with the grantor and that the defendant claims under the same grantor. The defendant is not called upon to develop his relative connection with the common grantor until the plaintiff has established at least a prima facie right to recover under his title as apparently derived from the common grantor.

(*b*) It was not held in *Wallace* v. *Jones,* 93 *Ga.* 419 (21 S. E. 89), that a charge as is complained of here was erroneous.

2. For the reasons indicated in the first division, it was not erroneous to further charge: "In other words, before the plaintiff would be entitled to recover in this case, it is incumbent upon him to satisfy the jury by a preponderance of the evidence that the title to the land sued for is in him and that he has a right to a recovery." The language of the instruction did not impose on the plaintiff the burden of disproving any defense that might have been raised by the defendant.

3. The court charged: "Where, in the opinion of the jury, the evidence is equally balanced on each side, where the jury believe the witnesses are equally credible, where the jury believe that the evidence of one side is just as strong as on the other side, that the preponderance would not be carried and in such case it would be the duty of the jury to return a verdict in favor of the defendant." Under the pleadings and evidence the controlling question was whether the defendant was in fact a prior grantee in virtue of a parol gift from the alleged common propositus. The plaintiff held a deed, and contended that the defendant was not a donee but was a mere tenant at sufferance of the common propositus. On these questions the evidence did not demand a verdict for the defendant. *Held:* The burden being upon the donee to establish the parol gift, the above-quoted charge was erroneous, because it relieved the defendant of the burden imposed upon her by law.

4. No request being made to charge as to the burden of proof, or the preponderance of evidence, mere failure to charge on these topics will not require a new trial. *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5). Applying this principle, the grounds of the motion for new trial are without merit in so far as they complain of the omission to charge: (1) "In effect, that the plaintiff had shown a prima facie right in himself to a recovery of the premises in dispute, and that the defendant's claim to the premises in dispute being based upon an alleged parol gift which she sought to establish by her evidence, that the burden was upon her to satisfy the jury of the truth of her contentions by a preponderance of the evidence." (2) "In effect, that the defendant having set up by way of defense to the plaintiff's claim an alleged gift from plaintiff's grantor to the premises in dispute, that the burden was on the defendant to satisfy the jury of the truth of this contention by a preponderance of the evidence."

5. In the brief of the attorney for the plaintiff in error it is admitted that the evidence was sufficient to support the verdict for the defendant, and it is stated that the general grounds of the motion for new trial are abandoned.

6. Upon application of the foregoing rulings, the trial judge erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. All the Justices concur.*

No. 4466. August 14, 1925.

Complaint for land. Before Judge Yeomans. Early superior court. June 11, 1924.

*W. G. Park* and *A. H. Gray*, for plaintiff.

*Glessner & Collins*, for defendant.