JACKSON *v.* SANDERS *et al.*

No. 15104. APRIL 5, 1945.

224

*D. D. Veal,* for plaintiff in error.  *M. F. Adams,* contra.

JENKINS, Presiding Justice.  1.  In an action of ejectment the premises are described with sufficient certainty if the description furnishes the key to the identification of the land sued for, and parol testimony or other extrinsic evidence would be allowable to show the location of the lines and corners set forth therein.  *Holcombe* v. *Dinsmore,* 164 *Ga.* 200 (137 S. E. 924).  See also *Calhoun* v. *Ryals,* 159 *Ga.* 35 (124 S. E. 867) ; *Glover* v. *Newsome,* 142 *Ga.* 862 (83 S. E. 939) ; *Boyd* v. *Sanders,* 148 *Ga.* 839 (98 S. E. 490) ; *Metropolitan Life Ins. Co.* v. *Hall,* 191 *Ga.* 294, 309 (12 S. E. 2d, 53) ; *Swint* v. *Swint,* 147 *Ga.* 467 (2) (94 S. E. 571) ; *Bibb County* v. *Elkan,* 184 *Ga.* 520, 526 (8) (192 S. E. 7) ; *Holder* v. *Jordan Realty Co.,* 170 *Ga.* 764 (1 a) (154 S. E. 353) ; *Cowart* v. *Strickland,* 170 *Ga.* 530, 532 (153 S. E. 415) ; *Boney* v. *Cheshire,* 147 *Ga.* 30 (4) (92 S. E. 636).  "An insufficient description of the land sued for may be cured by amendment, where it appears that the description in the original petition and that in the amendment refer to the same land."  *Stringer* v. *Mitchell,* 141 *Ga.* 403 (2 a) (81 S. E. 194).  Accordingly, a petition in ejectment is not subject to demurrer on the ground that the description is insufficient to enable the court to frame a writ of possession capable of enforcement, where the petition describes the property as "being in the County of Putnam and State of Georgia, in land lot 216, adjoining on the north Beaverdam Creek, on the east land of children of E. S. Jackson, and on the

southwest land now occupied by J. C. Jackson, from which it is separated by a line which commences at the head of a branch which crosses the line of land formerly owned by Andrew Dennis at a point about 100 yards below the highway bridge over Little River and runs from the head of said branch in a straight line to the bridge over Beaverdam Creek on the Eatonton and Milledgeville Road, and containing 20 acres, more or less;" nor is the amendment or the petition as so amended subject to demurrer as showing that, "Said tract is part of the land acquired by the children of E. S. Jackson under the 7th item of the will of J. D. Jackson, and is separated from the remainder of said tract so acquired by a line which runs from an iron pin on the bank of Beaverdam Creek south 22° west 2250 feet, to an iron pin, thence south 25° 45' west 506 feet, to another iron pin." There can be no question about the boundaries on the southwest and on the north of this triangular tract, which the amendment shows to be a portion of a larger tract acquired by the children of E. S. Jackson under the 7th item of the will of J. D. Jackson; and that the dividing line between the other portion and the 20 acres sued for is defined by courses and distances as beginning and ending at iron pins, as shown. In *Huntress* v. *Portwood,* 116 *Ga.* 351 (3) (42 S. E. 513), cited by the plaintiff in error, a portion of a larger tract was attempted to be conveyed under a description by boundaries, one of which was other land reserved by the grantor, but, contrary to the instant case, without any reference to, or attempt to describe, the location of the boundary line between them. Accordingly, the demurrers challenging the sufficiency of the description as originally pleaded and as amended were properly overruled, and the judgment was not ineffective as not furnishing a sufficient description for the issuance of a writ of possession capable of being executed.

2. Exception is taken to the overruling of a ground of demurrer which questions the right of E. S. Jackson to maintain this action as next friend of the various plaintiffs, ten in number, without showing their ages. An amendment was filed adding the word "minor" after the names of the last two plaintiffs. The demurrer, as renewed to the petition as amended, was overruled, and exception was also taken to this order. As amended, the petition alleged a demise from eight named plaintiffs and from two minor

plaintiffs, by their next friend, E. S. Jackson. A recovery may be had in ejectment although the lessor of the plaintiff be a minor. *O'Byrne* v. *Feeley,* 61 *Ga.* 77 (2), 85. The regular form of pleading is for the minor to sue by next friend, rather than for the next friend to sue as next friend for the minor, but they are the same in substance. *Lasseter* v. *Simpson,* 78 *Ga.* 61 (2) (3 S. E. 243); *Linder* v. *Brown,* 137 *Ga.* 352 (8) (73 S. E. 734); *Dent* v. *Merriam,* 113 *Ga.* 83 (2) (38 S. E. 334). The Code, § 3-115, provides: "A suit commenced and prosecuted by an infant alone shall not be void; and although the suit may be defective in wanting a guardian or next friend, the defect shall be amendable before verdict and cured by verdict." It follows that there was no error in overruling the demurrers on the grounds above stated, nor on the related ground that the next friend of a minor has no authority to demise the premises to any fictitious plaintiff. See Powell on Actions for Land, § 19.

3. The defendant excepts to an order overruling his motion to strike the demises laid in the names of nine of the ten plaintiffs, the motion alleging that said parties have not given their consent, express or implied, "for his and their names so to be used, and the persons prosecuting this action have no right or authority so to use it." No proof by affidavit or otherwise was offered in support of the motion. The trial judge held that the issue thus made was one of fact and properly determinable on the trial of the case, either by the court or jury. The motion was not renewed or insisted upon at the trial, and the only exception is to the above order. Prima facie, the court will consider that all the demises laid in the declaration are authorized. Powell on Actions for Land, § 37; *Shanks* v. *White,* 36 *Ga.* 432. In *Keeter* v. *Smith,* 32 *Ga.* 445, 447 (79 Am. D. 303), the court says that, "To authorize the plaintiff in ejectment to use the name of a third person as lessor, he must show that he has a bona fide subsisting claim to the premises, and that there is a connection between his title and that of the party upon whose demise he seeks to recover; or that he has the authority of that person in whom the paramount title is vested, to institute the suit in his name." In the instant case, the demise was laid in the names of the present claimants of the title, who introduced in evidence the will of J. D. Jackson devising the property to the children of E. S. Jackson, whose children were the

plaintiffs. This assignment of error was therefore without merit. See Powell on Actions for Land, §§ 166, 167, 168.

4. The defendant demurred to the petition as amended, in that it failed to attach a copy of item 7 of the will of J. D. Jackson, reference to which it makes. The demurrer was overruled, and the defendant excepted. The reference to the will as here made was for descriptive purposes only. The Code, § 81-105, provides: "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." In the common-law form of ejectment it is not necessary to set out the chain of title under which the plaintiffs claim. *Georgia Iron & Coal Co.* v. *Allison,* 116 *Ga.* 444 (2) (42 S. E. 794). It does not appear from the petition that the relief prayed for "must be based" on the will referred to, nor did the will constitute the cause of action. Ordinarily a party is not required to plead his evidence. In *Lefkoff* v. *Sicro,* 189 *Ga.* 554 (10) (6 S. E. 2d, 687, 133 A. L. R. 738), the court said: "As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings." See also *Boney* v. *Cheshire,* 147 *Ga.* 30 (2) (supra) ; *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (2) (75 S. E. 418). Accordingly, there was no error in refusing to compel the plaintiffs to attach a copy of the will, referred to for descriptive purposes.

5. The Code, § 85-1601, provides: "In all cases of disputed lines the following rules shall be respected and followed: Natural landmarks, being less liable to change, and not capable of counterfeit, shall be the most conclusive evidence; ancient or genuine landmarks, such as corner station or marked trees, shall control the course and distances called for by the survey. If the corners are established, and the lines not marked, a straight line, as required by the plat, shall be run, but an established marked line, though crooked, shall not be overruled; courses and distances shall be resorted to in the absence of higher evidence." The bridge over Beaverdam Creek on the Eatonton and Milledgeville Road is a fixed point which is described as the terminus of the disputed line, and unless the location of that bridge has been changed since the execution of the deed and will in 1918, it would be determinative

of the boundary line in question, as under the above Code section courses are resorted to only in the absence of higher evidence. Testimony offered by the defendant showed that the road had not been changed appreciably in fifty-four years. The location of the bridge referred to in the various descriptions was an undisputed fact under the record, and the jury was authorized to find the correct line to be the line from the head of the branch to the bridge over Beaverdam Creek on the Eatonton and Milledgeville Road. As a matter of fact, before the jury could have found for the defendant they would have had to find that the disputed line, instead of being a single straight line from and to designated landmarks, as shown in both of the deeds on which the defendant relied, ran from the head of the branch north 22 degrees east to Beaverdam Creek, and thence in a generally westwardly direction along the meanderings of the creek to the bridge over Beaverdam Creek on the Eatonton and Milledgeville Road. Applying the rule of construction laid down in the above Code section (85-1601), so far as the record title was concerned, the verdict for the plaintiff was fully supported by the evidence. Nor can it be said that the defendant's claim of title by prescription was established beyond controversy, so as to demand a verdict in his favor on that theory. On the contrary, it would seem that the verdict as rendered was demanded on the question of descriptive boundary, and the evidence for the defendant might well be taken as wholly failing to establish title by prescription in accordance with the strict rules of law. However, without making any definite ruling upon the question as to whether the verdict for the plaintiff was in fact absolutely demanded, the special grounds of the motion will be dealt with on their merits.

6. The defendant excepted to the failure of the judge to charge, in the absence of a request, the quoted provision of the Code, § 33-101, as follows: "A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title." This academic principle is a rule of evidence. Powell on Actions for Land, § 361, citing *Brinkley* v. *Bell*, 126 *Ga.* 480 (55 S. E. 187). The trial judge instructed the jury that "the burden rests upon the plaintiffs to sustain by a preponderance of the evidence the allegations set forth in their petition," and then defined preponderance of evidence. It was held in *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5), that, in the absence of a request,

it was not error to fail to charge even as to the burden of proof or the preponderance of evidence. See also *Felder* v. *Roberts,* 160 *Ga.* 799 (4) (129 S. E. 99), in which this principle was applied in an ejectment case.

(a) The defendant having introduced in evidence a deed from J. D. Jackson to J. K. Jackson, the defendant's father, under whom he claims title, and J. D. Jackson being the testator under whose will the plaintiffs claimed title, it appeared that both the plaintiffs and the defendant, who were coterminous owners, claimed through a common propositus. In *Harrison* v. *Hatcher,* 44 *Ga.* 638 (6), the court held that, "When, in an action of ejectment, it appears that both parties claim title from the same person, it is not necessary to show title further back than to the common grantor." In *Barfield* v. *Birrick,* 151 *Ga.* 618 (108 S. E. 43), the court said: "Where it appears that the plaintiff and the defendant are coterminous owners and that both derive title from a common grantor, it is not erroneous for the court to instruct the jury that the question resolves itself into one of boundary, and to fail to instruct them that the plaintiff in order to recover must show title in himself to the premises." Compare *Sinclair* v. *Friedlander,* 197 *Ga.* 797. The issue here was solely one of boundary, and under such circumstances it then becomes a contest in which the strength of the plaintiffs' right as related to the true title is no longer necessarily involved; they thereupon rely upon the strength of their asserted rights relatively to the claim of title thus commonly originating, as between them and the defendant, in that person from whom both derive their claims. Powell on Actions for Land, § 361; Code, § 33-101; *Deck* v. *Deck,* 193 *Ga.* 739, 743 (20 S. E. 2d, 1); *Owens* v. *Conyers,* 189 *Ga.* 793 (2) (7 S. E. 2d, 675). Accordingly, whether or not the plaintiffs and the defendant claimed under a common grantor, there was no merit in this contention.

7. Error is assigned because the court charged the rule in cases of disputed land lines, as in processioning cases under the Code, § 85-1601, above quoted. This court recently held in *Calhoun* v. *Babcock Bros. Lumber Co.,* 198 *Ga.* 74 (30 S. E. 2d, 872), that there was nothing to prevent the rule of law relating to a processioning proceeding, as set forth in the Code, § 85-1602, from having application, under appropriate facts, to a suit for land. This followed a similar ruling in *Veal* v. *Barber,* 197 *Ga.* 555 (30 S. E.

2d, 252). Nor can we see any reason why the Code, § 85-1601, laying down the rule for determining a disputed land line between coterminous owners, should not have equal application in a suit for land where a recovery depends upon the determination of such a disputed land line.

8. One exception is taken to two very lengthy excerpts from the charge relative to title by prescription. The defendant does not contend that this charge set forth any misstatements of law, but complains that it was made applicable only to the defendant, and that it also deprived the defendant of the principle that in ejectment the plaintiff must recover on the strength of his own title. Since the plaintiffs claimed only under the descriptive title as set forth in the will under which they held, neither of the objections urged in this ground is meritorious.

9. Exception is made to the charge that title by prescriptive possession must be in good faith and not fraudulent, the contention being that there was no evidence as to fraud. This court can not say as a matter of law that the possession claimed by the defendant was necessarily in good faith, in view of our ruling that under the terms of the deeds, he knew, or ought to have known, that his possession was contrary to his muniments of title. In *Cowart* v. *Young,* 74 *Ga.* 694, the court held: "If a person takes possession of land which he knows does not belong to him . . no prescription will run in his favor, however long he may hold possession of the same. His possession, under such circumstances, originated in fraud, and time will not cure or sanctify the fraud." At any rate, the question whether the defendant took possession of land which he knew did not belong to him was a question for the jury, and the court did not err in instructing them that the possession, in order to ripen into a good title, must be had in good faith. See *Winn* v. *Bridges,* 144 *Ga.* 497 (4), 499 (87 S. E. 665).

10. The defendant excepts to the following excerpt from the charge: "Permissive possession can not be the foundation of a prescription until an adverse claim and actual notice to the other party." It is contended that this charge was unauthorized by the pleadings or the evidence. The testimony of the defendant seeking to set up prescriptive possession was vague and uncertain as to time and location. See *Rock Run Iron Co.* v. *Heath,* 155 *Ga.* 95 (2, 3), 98 (116 S. E. 590); *Elrod* v. *Bagley,* 154 *Ga.* 670, (115

S. E. 3); *Brewton* v. *Brewton,* 167 *Ga.* 633 (4) (146 S. E. 444); *Baker* v. *White,* 136 *Ga.* 541 (71 S. E. 781). Whether or not the possession, such as was shown, was permissive, was a question of fact. The testimony of E. S. Jackson, in behalf of the plaintiffs, that he waited until 1939 to file this lawsuit because the defendant was kin to the witness, and he did not want to bother the defendant, and let the defendant go on until the witness wanted to put a fence across the line, was sufficient to authorize the charge complained of.

11. The defendant excepts to the refusal by the court to permit the defendant to answer the following question: "Was it understood that if you could ever pay me that it would be deeded back?" The record does not disclose that the defendant stated to the court what answer was expected, or that his counsel did so for him. No further statement of the evidence is shown in the exception, from which this court may determine what the question refers to. The exception is therefore unintelligible and does not call for any ruling here. Moreover, the defendant or his counsel should have stated to the court what answer was expected, so that its relevancy and admissibility could have been ruled upon by the judge. *Abercrombie* v. *Salisbury,* 67 *Ga.* 734, 736; *Green* v. *Scurry,* 134 *Ga.* 482 (68 S. E. 77). This exception is without merit.

12. The defendant complains because the court excluded testimony of the attorney for the defendant, relating to the settlement of another lawsuit between the defendant and one A. J. Parham and E. S. Jackson, the next friend of the minor plaintiffs herein, who was the only witness for the plaintiffs. This testimony was: that a deed was agreed to be executed by them conveying the J. K. Jackson property to J. C. Jackson, the defendant here, by a quitclaim or warranty deed of some sort; that this property had been sold at an administrator's sale and A. J. Parham had bought it; that this question had come up at the time this lawsuit was settled in 1935; that there had been some question about the direction of this line, and the witness told the attorney for Parham and E. S. Jackson that he would settle the suit provided they "gave us a deed based on the Georgia Power Company plat." No part of the proceedings in such other suit was offered in evidence, nor the deed agreed to be executed in settlement thereof. From this ground of the motion, it is impossible to tell whether the land here in

dispute was there involved. It appears that none of the plaintiffs here were parties thereto. The assignment of error refers to such deed as having been executed. The deed not being in evidence, testimony ancillary thereto is inadmissible. See *Overby* v. *Hart*, 68 *Ga.* 493 (4). Since this ground is incomplete within itself, and does not show sufficient evidence to permit this court to intelligently pass upon it, no question is presented for consideration.

*Judgment affirmed. All the Justices concur.*