PALMER *v.* HINSON.

No. 15597. OCTOBER 11, 1946. REHEARING DENIED NOVEMBER 16, 1946.

*A. H. Gray* and *J. D. Gardner,* for plaintiff in error.

*Robert Culpepper Jr.,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The third special ground of the motion for new trial complains of the charge: "Now the defendant claims and sets up in his answer an agreed line as being the true line between the property owned by the defendant and that owned by the plaintiff, and in that connection the court charges you that an unascertained or disputed boundary line between coterminous landowners may be established by oral agreement, if the agreement be accompanied by actual possession to the line, or is otherwise duly executed. In such instances the agreement may be executed by the erection of physical monuments upon the agreed line, or by the marking of trees plainly indicating the line, where such erection of monuments or marking of trees is done with the knowledge and mutual

assent of the respective proprietors. In other words, that can not be done by one owner only, it must be with the knowledge, assent, and consent of both landowners where they are coterminous or adjacent landowners."

The criticism is that the charge was not properly adapted to the pleadings and evidence, and in substance instructed the jury: 1. That the dividing line between the property of the plaintiff and the defendant could not be established by agreement unless such line was unascertained or in dispute. 2. That tenants in common could not by agreement establish a dividing line, and thus make a mutual division between themselves of jointly owned property. 3. The charge complained of is the only instruction given by the court to the jury upon the subject of boundaries between adjoining landowners.

In Barfield v. Birrick, 151 Ga. 618 (2) (108 S. E. 43), this court held: "An unascertained or disputed boundary line between coterminous proprietors may be established by parol agreement, if the agreement be accompanied by actual possession to the agreed line, or is otherwise duly executed. The failure of the court to instruct the jury that the line must be unascertained or disputed is not error requiring the grant of a new trial, where, as in this case, the evidence shows unequivocally that the boundary line between the coterminous proprietors was in fact unascertained." The charge complained of was in accord with the above decision.

The further contention of counsel for the plaintiff in error, that Mrs. Bostwick and Sheffield were tenants in common until the estate under their mother's will was partitioned, and that for this reason the charge was not properly adjusted to the pleadings and evidence, is not well taken. "All property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Code, § 113-801. "Until the assent of the executor is given, the legal title to the devised realty and bequeathed personalty of the testator is in the executor." Peck v. Watson, 165 Ga. 853 (2) (142 S. E. 450, 57 A. L. R. 560), and cases cited. Accordingly, under the pleadings and evidence in the present case, the title to lot 158 was in the executors of Mrs. Ida S. Bush until the executors assented to the respective devises. After Mrs. Bostwick and Sheffield received their deeds of assent, their title was complete, and

each owned his and her respective tract just as independently of the other as if they had derived it from different sources. Their respective properties being on adjoining tracts, they became what is known as coterminous proprietors.

In giving the charge, the trial judge was stating the contentions of the defendant as he understood them, and it is the duty of counsel to aid the court in determining what issues should be submitted to the jury. *Anderson* v. *State,* 196 *Ga.* 468, 471 (26 S. E. 2d, 755) ; *Edmiston* v. *Whitney Land Co.,* 198 *Ga.* 546, 549 (32 S. E. 2d, 259). The defendant had averred in his answer that the boundary line between his property, as is now marked by his fence, had been agreed upon as the line between the property of Lamar C. Sheffield (the defendant's predecessor) and Mrs. Claude Sheffield Bostwick (the plaintiff's predecessor) when the lands of Mrs. Ida S. Bush were being divided. Before giving the charge complained of, the judge had instructed the jury that the defendant contended that the boundary line between him and the plaintiff was marked by a fence erected by the defendant on an agreed line, which the defendant claimed had been made between Lamar Sheffield and Mrs. Claude Sheffield Bostwick. In another portion of the charge, the court told the jury: "In substance those are the contentions of the parties. You will have the pleadings out with you. They are not evidence, but you will have a right to read them in order to more clearly understand the claims and contentions of the plaintiff and the defendant."

The charge complained of was not erroneous for any reason assigned.

■ The fourth special ground complains of the failure of the judge to charge, in the absence of a request: "That the burden was on the plaintiff to establish by a preponderance of the evidence the true location of the original north line of said lot number 158; that by the true original north line of said lot was meant the line that was laid out and designated by the official survey of said lot as the north boundary; that the plaintiff contended that the north line of said lot was at one location, the defendant contended that it was at another location, and if they believed the north line was at the location contended for by the defendant, that they should find in favor of the defendant." The trial judge instructed the jury that the "burden of proof is upon the plaintiff, that is the

burden rests upon him to satisfy you of the truth of his case by a preponderance of the evidence," and then defined preponderance. Immediately following this portion of the charge, the judge said: "This case, gentlemen, narrowed down, is a question for you to determine where the dividing line is as between . . the plaintiff and the defendant, and one of the questions for you to determine is the true line between lot numbers 158 and 159." In another portion of the charge, the judge said: "If the plaintiff has not carried the burden placed upon him by a preponderance of the evidence, or if you believe the true line between the property is as contended by the defendant, either by oral agreement, if you find such line was established under the rules which the court has given you in charge, or by adverse possession under the rules which the court has given you in charge, or under the deeds of the plaintiff and defendant, then you should find in favor of the defendant."

It was held in *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5), that, in the absence of a request, it was not error to fail to charge even as to the burden of proof or the preponderance of evidence. See also *Felder* v. *Roberts,* 160 *Ga.* 799 (4) (129 S. E. 99), in which this principle was applied in an ejectment case. The above cases were followed in *Jackson* v. *Sanders,* 199 *Ga.* 222 (6) 228 (33 S. E. 2d, 711, 159 A. L. R. 638). There is no merit in this ground of the motion for new trial.

█ The fifth special ground complains of the failure of the judge to charge, in the absence of a request, that "acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line;" or that the court should have at least instructed the jury upon this principle of law, which was put in issue by the evidence in the case.

There is no merit in this ground. The issue as to the establishment of a dividing line by the acts or declarations of adjoining landowners over a period of seven years was not raised by the pleadings. The suit was not in the fictitious form. *McCandless* v. *Inland Acid Co.,* 115 *Ga.* 968, 978 (5) (42 S. E. 449) ; Powell on Actions for Land (Rev. ed.) 108, §§ 109, 110. While it is the duty of the court to instruct the jury as to the law applicable to every material issue in the case, even in the absence of any request (*Investors' Syndicate* v. *Thompson,* 172 *Ga.* 203 (2b) 158 S. E. 20), it has also been held that when, as here, evidence has

been submitted without objection relating to the same cause of action, which could have been authorized by an amendment to the pleadings, "the judge is authorized, but not required without request, to charge upon the issue thus made by the evidence." *Jones* v. *Hogans,* 197 *Ga.* 404, 412 (29 S. E. 2d, 568), and cases cited.

The instant case differs on its facts from *Hailey* v. *McMullan,* 144 *Ga.* 147 (a) (86 S. E. 315), where, in view of evidence from which the jury would have been authorized to find that there had been seven-years' acquiescence, by acts or declarations, in the line as contended for by the defendant, this court held that the judge should have given in charge the principle of law contained in the Code, § 85-1602, that "acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." The transcript of the record of file in this court in that case shows that the issue as to acquiescence in the dividing line was expressly pleaded in the defendant's answer, and therefore such issue was made both by the pleadings and by the evidence.

■ The first and second special grounds are an elaboration of the usual general grounds. The Code, § 85-1601, provides: "In all cases of disputed lines the following rules shall be respected and followed: Natural landmarks, being less liable to change, and not capable of counterfeit, shall be the most conclusive evidence; ancient or genuine landmarks, such as corner station or marked trees, shall control the course and distances called for by the survey. If the corners are established, and the lines not marked, a straight line, as required by the plat, shall be run, but an established marked line, though crooked, shall not be overruled; courses and distances shall be resorted to in the absence of higher evidence."

A section of a county map of 1911 was introduced in evidence, showing that a line ran from east to west all the way along the north side of lots 83, 118, 123, 158 (being the lot in question), 163, and 198. This map, in connection with evidence as to agreed corners and land-lot lines both to the east and to the west of the lot in question, which were pointed out to the surveyors by witnesses who had lived in the community for many years, and who were in a peculiar position to know what the reputation of the corners in question was at an ancient date, while not conclusive, was sufficient to authorize the jury to find that the true original

north line of lot 158 was the one contended for by the plaintiff, and was the line as shown on the plat made by his surveyor. Accordingly, the evidence was not, as contended in the first special ground, wholly insufficient to locate and identify the true north line of lot 158.

The second special ground complains that, in computing the acreage in dispute, the plaintiff used 3117 feet as the east and west width of lot 158, and that there is nothing in the record to overcome the legal presumption that lot 158 is 3300 feet or 50 chains wide, which is the width called for in the original grant.

Regardless of the correctness of the above presumption, the principal controversy was over lines running from east to west. The defendant did not offer any evidence or claim in his pleadings that 175 acres of land would not be left in the south part of the lot, in the event that the jury found the line in dispute to be at the place contended for by the plaintiff. The defendant's own surveyor testified that the north original line of lot 158 was only 47.22 chains, which would not be 3300 feet. The deeds under which both the plaintiff and the defendant claimed conveyed 75 acres in the north part of lot 158 to the plaintiff. In the circumstances, this court can not hold as a matter of law that the description, in the plaintiff's muniments of title, of "75 acres in the shape of a parallelogram extending across the north side of lot 158," imports a parallelogram having a depth of 15 chains, or 990 feet, from north to south and a width of 50 chains, or 3300 feet, from east to west, and therefore that the evidence demanded a finding that the line contended for by the plaintiff, and found by the jury to be the correct line, was in any event 58.87 feet too far south.

The evidence, though conflicting, was sufficient to support the verdict for the plaintiff, and the judge did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents, and Bell, C. J., who dissents in part.*

BELL, Chief Justice, dissenting in part. I think that the defendant's general denial of the plaintiff's allegation as to title was sufficient as a pleading to include the defense of acquiescence, since by establishing such defense the defendant would disprove the plaintiff's alleged cause of action. Accordingly, I dissent from the ruling in the third headnote and division. Code, § 81-307;

Powell on Actions for Land, 154, 184, §§ 129, 156; *Payne* v. *Ormond,* 44 *Ga.* 514 (4); *Blalock* v. *Thomas,* 176 *Ga.* 407, 409 (168 S. E. 13). See also, in this connection, *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818); *Kaufman* v. *Young,* 35 *Ga. App.* 135 (1) (122 S. E. 822); *Russell* v. *Bayne,* 45 *Ga. App.* 55 (2), 57 (163 S. E. 290).