CHARLES H. PARSONS & another, trustees, *vs.* JESSE T.
DURYEA & others.

Hampden.    October 18, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equitable Servitude. Equity Jurisdiction,* To enforce equitable restrictions.

Trustees owning a tract of land divided it into seventy-four lots in accordance with a general scheme for the development of the entire tract, and incorporated into all deeds of lots conveyed from the tract provisions which were in substance as follows: "No . . . structure shall be commenced, erected or maintained, nor shall any addition to or change or alteration therein be made, until plans and specifications, showing the nature, kind, shape, height, materials, floor plans, color scheme, location and approximate cost of such structure and the grading plan of the lot to be built upon shall have been submitted to and approved in writing by the Trustees. . . . The Trustees shall have the right to refuse to approve any such plans or specifications or grading plan, which are not suitable or desirable, in their opinion, for aesthetic or other reasons; and . . . to take into consideration the suitability of the proposed building or other structure and of the materials of which it is to be built to the site upon which it is proposed to erect the same, the harmony thereof with the surroundings and the effect of the building or other structure, as planned, on the outlook from the adjacent or neighboring property."
*Held,* that

(1) The provisions were valid;

(2) The provisions were broad enough in their terms to include grading and construction of a driveway;

(3) The trustees were entitled to maintain a suit in equity enjoining a grantee of a lot from grading the lot and constructing a driveway according to plans which the trustees had disapproved and ordering him to remove a driveway partially constructed according to those plans and to restore the premises to their former condition, where it appeared that the trustees in so doing had acted in good faith;

(4) The mere facts, that the grading and driveway proposed by the defendant would not result in a violent contrast with the landscape in the vicinity, would be in keeping with the architecture of the house and would be the best possible solution of the problem of convenience and utility from an aesthetic point, did not preclude the plaintiffs from maintaining the suit, they having acted in good faith in refusing their approval.

BILL IN EQUITY, filed in the Superior Court on June 15,
1926, by trustees of the Colony Hills Trust, owners of a tract
of land in Longmeadow and Springfield, to enforce the pro-

visions in a deed by them to the defendant Duryea, described in the opinion.

In the Superior Court, the suit was referred to a master. Findings by the master are stated in the opinion. The suit was heard upon the master's report by *Broadhurst*, J., who reserved and reported it to this court for determination.

The case was submitted on briefs.

*H. P. Small*, for the plaintiffs.

*J. F. Jennings*, for the defendants.

SANDERSON, J.   The plaintiffs, trustees of the Colony Hills Trust, seek to enjoin the defendants from carrying out a grade plan or from constructing a driveway, in violation of certain restrictions set forth in a conveyance by them to the defendant Duryea, and to have removed so much of the grading and driveway as has been constructed. The restriction referred to is in the following language: "Section V No building, fence, wall or other structure shall be commenced, erected or maintained, nor shall any addition to or change or alteration therein be made, until plans and specifications, showing the nature, kind, shape, height, materials, floor plans, color scheme, locations and approximate cost of such structure and the grading plan of the lot to be built upon shall have been submitted to and approved in writing by the Trustees and a copy thereof, as finally approved, lodged permanently with the Trustees. The Trustees shall have the right to refuse to approve any such plans or specifications or grading plan, which are not suitable or desirable, in their opinion, for aesthetic or other reasons; and in so passing upon such plans, specifications and grading plan, they shall have the right to take into consideration the suitability of the proposed building or other structure and of the materials of which it is to be built to the site upon which it is proposed to erect the same, the harmony thereof with the surroundings and the effect of the building or other structure, as planned, on the outlook from the adjacent or neighboring property." A master was appointed whose report was confirmed, and thereafter the case was reserved and reported to this court upon the pleadings and the master's report.

The tract in question was divided into seventy-four lots, twenty-four of which are now owned by the plaintiffs, some of them being in the block in which the defendant Duryea's lot is located. All lots conveyed have been sold subject to the restrictions above quoted. Eighteen residences have been built upon the land and the plaintiffs have expended more than $100,000 to improve the entire tract as a high class residential development.

Warren B. Pirnie, son-in-law and authorized agent of the defendant Duryea, erected upon the lot in question a residence at a cost of approximately $30,000, the plans for which were approved by the plaintiffs. Prior to October 1, 1925, the defendants talked with the plaintiff Parsons about the walks and driveways which should be constructed in front of Pirnie's residence and plans showing walks but with no driveway were submitted by Warren B. Pirnie and approved by the trustees. At subsequent dates grading plans were submitted which included a driveway; these plans were disapproved by the trustees. Thereafter the defendant Pirnie notified the plaintiffs that he should disregard their disapproval and proceed with the erection and construction as set out in his later plan, and on June 12, 1926, he began the construction of a driveway in accordance therewith. This bill of complaint was then filed upon which a temporary restraining order was issued. The total cost of construction up to the time of the service of this order was $200.

"Every owner of real property has the right so to deal with it, as to restrain its use by his grantees within such limits as to prevent its appropriation to purposes which will impair the value or diminish the pleasure of the enjoyment of the land which he retains. The only restriction on this right is, that it shall be exercised reasonably, with a due regard to public policy, and without creating any unlawful restraint of trade." *Whitney* v. *Union Railway,* 11 Gray, 359, 363. The restrictions in question do not prevent the owner from conveying the property or impose any unlawful restraint of trade. They affect only its mode of use and must be held to be valid. It is apparent that the restrictions were connected with a general scheme for the development of

a tract of land, and the plaintiffs have a right, acting in good faith, to enforce them.    The master found that the attempt of the defendants to carry out their grading plan and install a driveway would introduce a somewhat formal note into a generally informal scheme of landscape development; that, if adopted, no violent contrast with the landscape effects in the vicinity would result and that it would be in keeping with the architecture of the house and would be the best possible solution of the problem of convenience and utility from an aesthetic point; but that it would to some extent be a departure from the present degree of openness and informality in the immediate neighborhood, and to that extent would constitute an undesirable feature from the point of view of the plaintiffs.    See *Allen* v. *Massachusetts Bonding & Ins. Co.* 248 Mass. 378.    The findings as to convenience and utilitarian purposes of the proposed driveway are not controlling.    Restrictions somewhat similar in their terms have been enforced in other jurisdictions.    *Harmon* v. *Burow,* 263 Penn. St. 188.    *Jones* v. *Northwest Real Estate Co.* 149 Md. 271.    The restriction is broad enough in its terms to include grading and construction of a driveway such as the defendants have begun.

Upon the findings of the master, Parsons, who is the managing trustee, believed that the construction of the driveway as planned would be detrimental to the character and development of the immediate vicinity and, in a degree, of the whole tract and would be detrimental to the best interests of the trust and of lot owners, and in refusing his approval he acted in good faith.    He consulted his cotrustee with reference to the matters in dispute, who ratified all his conclusions and actions.    Their conduct does not seem to have been such as to deprive them of equitable relief, and they were within their rights in disapproving the plans.

A decree is to be entered ordering the removal of the driveway as partially constructed and restoring the premises to their former state.    *Kershishian* v. *Johnson,* 210 Mass. 135. *Codman* v. *Bradley,* 201 Mass. 361.

*Ordered accordingly.*