### EXCHANGE REALTY CO v BIRD

Ohio Appeals, 9th Dist, Summit Co

No 2169. Decided Dec 4, 1933

James Olds, Akron, for plaintiff.
George E. Bailey, Akron, for defendant.

**OPINION**

By FUNK, J.

As we view the whole evidence, and especially the undisputed facts, they do not entitle the defendant to prevail on the second and third defenses.

The further determination of this case, under the defense of general denial, depends upon the construction to be placed upon the restrictions in the deed of plaintiff to defendant's predecessor in title, the deed to defendant being also subject to said restrictions; both of which deeds were admitted in evidence.

The part of the restrictions in question is contained in the following language:

"1. Said real estate shall be used exclusively for private dwelling house purposes; no such house shall be erected, placed or suffered to remain upon said premises the cost of construction of which shall be less than Eight Thousand Dollars ($8,000.00), and no such house or other structure shall be erected, placed or suffered to remain thereon until the plans and specifications therefor, and its location upon said premises and the grade of the first floor level above the sidewalk, have been approved by the Exchange Realty Company or its duly authorized agent in the premises."

There are also ten other restrictions in said deed, which pertain to: the location of the house in reference to the lot lines; fences and walls; hedges and shrubbery; garage or other buildings; the sale of liquor; nuisances; the erection of signs or billboards; poles for carrying wires for telephones and electric current; the keeping of live stock; and prohibiting the sale of lots to persons of other than the Caucasian race. The deed also contains reservations for the erection, construction and maintenance of poles, wires and conduits for the transmission of electricity for telephones, light and other purposes; for the construction and maintenance of water drains, sewers, and pipe lines for gas on certain parts of said lot; for the installation of any public utilities; for the grading of lots, and for other minor matters; and also provisions for the right to change or annul the restrictions and reservations.

Attention is called to all these restrictions and reservations to show that their nature is such as to be for the benefit of all the lot owners in said subdivision, that it is a highly restricted allotment, and that although many details were set out in the deeds of plaintiff for said lots, there was nothing pertaining to the kind of material or the design of the dwelling to be erected on the lots in said allotment.

The only violation of said restrictions complained of is concerning the kind of shingles used by defendant; the contention being whether or not said reservations are such as to permit the plaintiff to dictate the kind of shingles the defendant may put upon his house erected on said lot No. 121.

The salient portion of said restrictions under which plaintiff claims the right to designate wood or slate instead of asphalt shingles, is as follows: "no such house or other structure shall be erected, placed or suffered to remain thereon until the plans and specifications therefor * * * have been approved by the Exchange Realty Company or its duly authorized agent in the premises."

While such a restrictive covenant in a deed requiring the submission to and approval by the grantor of all plans for the erection of a house is held to be a valid and enforceable covenant—131 Atl. 446 (Md.), Jones v N. W. Real Est. Co.; 106 Atl. 310 (Pa.), Harmon v Burow, 36 L.R.A. 393 (Md.), Peabody Heights Co. v Willson, 158 NE 761 (Mass.), Parsons v Duryea—it will be noted that such a covenant is always used ·in connection with some general plan or scheme or some other designated or stated restriction within which such approval may operate, or that the covenant regulates the scope of the approval; and the same is true in the instant case, as the restriction reads "no **such** house." The word "such" presents the question, What house? and the answer evidently is that said word means the kind of a house provided for in the other designated restrictions. We find no decision or text to the effect that a covenant requiring the submission to and approval of plans by the grantor, standing alone, without any other restriction, is enforceable.

While it is well settled that an owner, in selling property, may impose such restrictions on its use as he sees fit, provided they violate no law and are not contrary to public policy—128 NE 723 (Ill.), Dick v Goldberg; **121 Oh. St 56, Dixon v Van Sweringen Co.**—it is also just as well settled that restrictive covenants are not favored, and will be enforced by the courts only where the intention of the parties is clear and the restrictions are ·confined within reasonable bounds.

The primary rule of interpretation of restrictive covenants is to gather the intention of the parties—not from a single clause in the restrictions but from the entire context; and where the meaning is doubtful, consideration will be given to all the surrounding circumstances at the time the contract was executed; but the restrictions will not be extended by implication.

18 A.L.R. 451, et seq., annotations.
252 Pac. 1088 (Okla.), Vaughn v Lyon.
75 Atl. 923 (N. J.), Fortesque v Carroll.
82 Atl. 561. (Conn.), Easterbrook v Hebrew Ladies' Orphan Society.
·83 Atl. 492 (N. J.), Meaney v Stork.
**18 C. J., "Deeds," §§448, 449 and 450, pp. 384-388.**

It is also well settled that restrictive covenants should be strictly construed against the person seeking to enforce them, and given no greater effect than their terms clearly. intend, and that any doubt as to meaning should be resolved in favor of the grantee and the free and natural use of the property.

**90 Oh St 280, Hunt v Held.**
83 Atl. 492, supra.
128 Atl. 270 (Md.), Saratoga Bldg. & Land Corp. v Roland Park A. S. Co.
**33 Oh Ap 432, Goodyear Heights Realty Co v Furry, (8 Abs 70).**
.18 C. J., "Deeds," §450, p. 387.

With the above well-established rules in mind, we think that a reasonable construction of the language in question, requiring that the plans and specifications be submitted to and approved by the grantor, is that it does not add any new or different restrictions than those set forth in the deed, but only requires them to be submitted for approval to see that the plans proposed comply with the other designated restrictions that are set forth in the deed.

If it was intended to include the kind of roof or material that was to be used in the construction of the houses in this subdivision, the restrictions should have made provision therefor; and in view of the great care and detail with which the restrictions and reservations were prepared, the natural inference is that it was not intended to include such restrictions.

If this language were the only restriction in the deed, it surely would be entirely too vague and indefinite to be enforceable in a court of equity, and would be totally ineffective, as standing alone it would be devoid of any general plan or scheme, would be unlimited in its scope, and would leave the purchaser subject to the mere whim of the seller and permit ·the seller to require a structure of any kind or value to be erected on any lot, and could. result in a mere shack being built on one lot, and a palatial dwelling on an adjoining lot; or the seller might require any other kind of building, business block or factory to be built on any particular lot. The purchaser' would thus have nothing of value; and such restrictions would therefore seem to be against public policy and be void.

It is thus evident that, to give meaning and effect to such language, it must be used in connection with and confined within other restrictions and limitations and construed with them as a whole.

However, if it should be conceded that the restrictions are susceptible of the construction placed upon them by plaintiff and that plaintiff may dictate the kind of material defendant must use for the roof, it must also be conceded that the language of the restriction is susceptible of the construction that the approval extended only to the restrictions set forth in the deed,

and that the required submission and approval added no new or additional restriction; and under the rules that the intention of the parties must be clear, that the language must be construed strictly and most strongly against the grantor, that restrictions cannot be extended by implication, and that all doubts should be resolved in favor of the free use of the property, the latter construction must prevail and the injunction must be denied.

Decree for defendant.

WASHBURN, PJ, and STEVENS, J, concur in judgment.