22434.   WINSLETTE v. KEELER.

ARGUED APRIL 13, 1964—DECIDED MAY 20, 1964—
REHEARING DENIED JUNE 15, 1964.

*Ben F. Smith, Luther C. Hames,* for plaintiff in error.
*Hicks & Howard,* contra.

MOBLEY, Justice.   ■   It is well settled that a grantor of real property may restrict the use of it by restrictive covenants con-

tained in the deed. The limitation on the validity of restrictive covenants is that such must be clearly established and they cannot be contrary to public policy. *Grove Lakes Subdivision v. Hollingsworth,* 218 Ga. 443, 444 (128 SE2d 499); *Cawthon v. Anderson,* 211 Ga. 77 (1) (84 SE2d 66); *Spencer v. Poole,* 207 Ga. 155 (1) (60 SE2d 371). The paragraph of the restrictive covenant being attacked provides: "No building shall be erected, placed or altered on any lot in Camp Acres Subdivision, Unit No. 3 until the building plans, specifications and plat plan showing the location of such building have been approved in writing by the developer, his agents, successors or assigns as to conformity and harmony of external design and general quality with the existing standards of the neighborhood, and as to location of the building with respect to topography and finished ground elevations." This covenant is clearly set out in the deed, and the grantee (plaintiff herein) accepted the deed with full notice of the restriction. By accepting the deed the grantee in effect voluntarily agreed to be bound thereby (*Code* § 29-102, *Federal Land Bank of Columbia v. Paschall,* 180 Ga. 224, 225 (2), 178 SE 659, and cases cited), and two parties may contract away their rights or extend their rights as they please regarding the use of real property so long as public policy is not violated. The grantor here saw fit to impose restrictions for his own protection and for the protection of other property owners in the neighborhood, and it cannot be said that the covenant imposed is against public policy, as a covenant to maintain the high quality of a subdivision is not harmful to the public welfare.

The petition, as amended, alleges: "That paragraph 3 of said protective covenants is so vague and indefinite that the same is void and unenforcible." We are of the opinion that this covenant is not so vague and indefinite to be void as alleged because it clearly establishes the rights of the parties thereto and sets out a standard or framework by which the grantor's right to judge proposed buildings is to be exercised. This standard requires that a building must be in "conformity and harmony of external design and general quality with the existing standards of the neighborhood." As to what the general quality of the neighborhood is and whether proposed building plans conform thereto are matters which by agreement are left to the discretion of the grantor.

The covenant itself is not vague and indefinite, but clearly shows that the rights of the parties are that the grantee must submit his building plans to the grantor for his approval and the grantor must give his approval in writing if he determines that, in his opinion, the proposed building is harmonious and conforms to the standards, quality, and topographical locations in the neighborhood. Any limitation on this right given the grantor to reject plans is that such right must be exercised reasonably and in good faith.

Similar restrictive covenants which required that building plans be submitted to the grantor for his approval before the grantee could build on his property in a subdivision have been held to be valid by other jurisdictions. As to some of the decisions upholding the validity of similar restrictive covenants, see: Jones v. Northwest Real Estate Co., 149 Md. 271 (131 A 446); Harmon v. Burow, 263 Pa. 188 (106 A 310); Engvalson v. Webster, (Fla.), 74 S2d 113; Parsons v. Duryea, 261 Mass. 314 (158 NE 761); Hannula v. Hacienda Homes, Inc., 34 Cal.2d 442 (211 P2d 302).

The covenant is valid; therefore, the trial judge did not err in sustaining the general demurrer to count 2.

■ The allegations of count 1 of the petition, as amended, attack the defendant's refusal to approve the plans as being unreasonable, arbitrary, and capricious. In order to determine if the defendant acted unreasonably or in bad faith, there must be sufficient facts alleged to support a conclusion that the defendant's act was unreasonable, arbitrary, and capricious. The petition alleges that the proposed plans comply with the protective covenants in all particulars and that defendant in denying approval of said plans is acting in an arbitrary and capricious manner and exercising an aesthetic control over the design of petitioner's proposed dwelling. The petition alleges specifically that petitioner submitted to the defendant plans for the construction of a dwelling and residence upon the property described in his deed and that they are in conformity and harmony of external design and general quality with the existing standards of the neighborhood and as to the location of the building with respect to topography and finished ground elevations. A comparison of these allegations with the provisions of the covenant

shows that he alleges that he has done just what the covenant requires—submitted his plans for the proposed residence which are in "conformity and harmony of external design and general quality with the existing standards of the neighborhood and as to the location of the building with respect to topography and finished ground elevations." These are allegations of ultimate facts. "Ultimate issuable facts only, as distinguished from evidentiary facts . . . must be pleaded; by ultimate facts alone is meant the final and resulting facts, reached by processes of logical reasoning from the detailed or probative facts." 41 Am. Jur. 292, Pleading, §§ 7, 8. More detailed allegations as to how, why, and in what manner his plans conform to the requirements of the covenant are not required. "Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which she depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings." *Lefkoff v. Sicro,* 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738). See also: *Jackson v. Sanders,* 199 Ga. 222, 227 (4) (33 SE2d 711, 159 ALR 638); *Maynard v. Armour Fertilizer Works,* 138 Ga. 549, 554 (5) (75 SE 582).

Accepting the allegations as true, which must be done on general demurrer, the plaintiff has submitted plans for the building of a residence on his lot which meet all the requirements of the covenant and the defendant refuses to approve them. This being accepted as true, the refusal of the defendant to approve the plans submitted would be unreasonable, arbitrary, and capricious as alleged. Thus, count 1 of the petition as against general demurrer states a cause of action and the trial judge erred in sustaining the general demurrer to count 1.

■ The question of non-joinder of necessary parties argued by plaintiff in error is not before the court, as the trial court did not pass upon demurrers raising that question. Non-joinder must be taken advantage of by special demurrer. See *Crowley v. Calhoun,* 161 Ga. 354 (130 SE 563); *Hughes v. Cobb,* 195 Ga. 213 (23 SE2d 701); *Grant v. Hart,* 192 Ga. 153 (14 SE2d 860); *Haynes v. Thrift Credit Union,* 192 Ga. 229 (14 SE2d 871).

*Judgment affirmed as to count 2; reversed as to count 1. All the Justices concur.*