No. 22105.

LEONARD (DICK) RHUE AND FAMILY HOMES, INC., A
COLORADO CORPORATION *v.* CHEYENNE HOMES, INC., A
COLORADO CORPORATION.
(449 P.2d 361)

Decided January 20, 1969.

RAYMOND DUITCH, for plaintiffs in error.

ELWOOD M. HAYNIE, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

IN the trial court, Cheyenne Homes, Inc., obtained an injunction prohibiting Leonard Rhue and Family Homes, Inc., hereinafter referred to as plaintiffs in error, from moving a thirty year old Spanish style house into a new subdivision which was about 80% improved and which contained only modern ranch style or split level homes. At the time that the subdivision in which the plaintiffs in error seek to locate this house was platted, the

owner placed upon the entire area certain restrictive covenants contained in a "Declaration of Protective Covenants," which was duly recorded. As recited in the document, these protective covenants were for the purpose of "protecting the present and future values of the properties located" in the subdivision. Admittedly, the house which the plaintiffs in error wish to put in the subdivision does not violate any of the few specific restrictions contained in the protective covenants. However, paragraph C-2 of the recorded protective covenants contains the following declaration:

"C-2 No building shall be erected, placed or altered on any lot until the construction plans and specifications and a plan showing the location of the structure shall have been approved by the architectural control committee * * *."

Plaintiffs in error failed to submit their plans to the architectural control committee, and the trial court, in entering its injunction, held (1) that such failure constituted a breach of the restrictive covenants, and (2) that the placing of the house would not be in harmony with the existing neighborhood and would depreciate property values in the area.

Plaintiffs in error contend that restriction C-2 is not enforceable because no specific standards are contained therein to guide the committee in determining the approval or disapproval of plans when submitted. We disagree.

■ It is no secret that housing today is developed by subdividers who, through the use of restrictive covenants, guarantee to the purchaser that his house will be protected against adjacent construction which will impair its value, and that a general plan of construction will be followed. Modern legal authority recognizes this reality and recognizes also that the approval of plans by an architectural control committee is one method by which guarantees of value and general plan of construction can be accomplished and maintained.

█ So long as the intention of the covenant is clear and in the present case it is clearly to protect present and future property values in the subdivision), covenants such as the one before us have been upheld against the contention that they lacked specific restrictions providing a framework within which the architectural committee must act. *Winslette v. Keeler*, 220 Ga. 100, 137 S.E.2d 288; *Kirkley v. Seipelt*, 212 Md. 127, 128 A.2d 430; *Fairfax Community Assoc. v. Boughton*, 127 N.E.2d 641 (Ohio Ct. C.P.); *Hannula v. Hacienda Homes*, 34 Cal.2d 442, 211 P.2d 302, 19 A.L.R.2d 1268. In *Kirkley v. Seipelt, supra*, the plaintiff in error argued unsuccessfully that a covenant requiring approval of plans failed in the test of reasonableness because there were no standards to guide the approving party.

*Nelson v. Farr*, 143 Colo. 423, 354 P.2d 163, upon which plaintiffs in error solely rely, is not dispositive of the instant case. We were concerned there with the propriety of an injunction which imposed certain restrictions on land, even though there were no recorded instruments restricting the use of the affected land.

██ We have recognized in Colorado that restrictive covenants placed on land for the benefit of purchasers within a subdivision are valid and not against public policy, and are enforceable in equity against all purchasers. *Pagel v. Gisi*, 132 Colo. 181, 286 P.2d 636; *Seeger v. Puckett*, 115 Colo. 185, 171 P.2d 415. While we have here enunciated the proposition that the covenant requiring approval of the architectural committee before erection of a house in the subdivision is enforceable, we point out that there is a corollary to that proposition which affords protection and due process of law to a purchaser of a lot in the subdivision, namely, that a refusal to approve plans must be reasonable and made in good faith and must not be arbitrary or capricious. *Kirkley v. Seipelt, supra; Winslette v. Keeler, supra; Hannula v. Hacienda Homes, supra.*

■ Since two of the three committee members testified that they would disapprove the plans if they were presented to them, we examine the evidence to determine if such refusal is warranted under the rules we have laid down. There was testimony that the house was about thirty years old, and that the other houses were no older than two years. The house of plaintiffs in error has a stucco exterior and a red tile roof. The other houses are commonly known as ranch style or split level, and are predominantly of brick construction with asphalt shingle roofs. There was further testimony that the style of the house would devalue the surrounding properties because it was "not compatible" with the houses already in place.

One member of the committee expressed concern that the house of plaintiffs in error would devalue surrounding property. The other added that he thought the covenant gave the architectural committee the authority to refuse approval to plans for property which would seriously affect the market value of other homes in the area. Clearly, a judgment of disapproval of the plans by the committee is reasonable and in good faith and in harmony with the purposes declared in the covenant.

The judgment is affirmed.