297 So.2d 448 (1974)
Bernard E. BEYT, Plaintiff and Appellee,
v.
WOODVALE PLACE APARTMENTS et al., Defendants and Appellants.
No. 4576.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1974.
Rehearing Denied July 26, 1974.
Writ Refused October 4, 1974.
*449 Ronald J. Gossen, Lafayette, for defendants and appellants.
Richard R. Kennedy, Lafayette, for plaintiff and appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
This is a suit to enjoin the violation of building restrictions in a residential subdivision. Plaintiff is the owner of portions of certain lots in the subdivision. Defendants constructed a private hard-surfaced boulevard, approximately 150 feet in width, across two lots in the subdivision. This passageway provides ingress and egress for a large apartment complex owned by defendants on land adjacent to the subdivision. The district judge found the construction of this hard-surfaced passageway is a violation of the subdivision building restrictions. He issued an injunction ordering its removal. Defendants appealed.
The building restriction at issue reads as follows:
"(2) All lots in said subdivision are restricted for residential purposes and no structure shall be erected, altered, placed or permitted to remain on said lot except one or two story family dwellings and all other appropriate outhouses."
*450 The facts were stipulated. They show that in 1962 an "Act of Dedication" of Magnolia Park Subdivision, Extension No. 3, was filed by the owners in the conveyance records of Lafayette Parish. This "Act of Dedication" contains certain building restrictions, including No. 2 quoted above. It is conceded these restrictions are in full force and effect.
In 1969, plaintiff acquired portions of Lots Nos. 16, 17 and 18 where he now resides. In November of 1972, defendants "commenced the construction of a hard-surfaced vehicular passageway covering all or substantially all of the surface area of the said Lots 7 and 8 to provide a means of ingress and egress from the Woodvale Place Apartments onto Woodvale Avenue; that this hard-surfaced vehicular passageway is privately owned by defendants, was constructed with defendants' funds, and never has been dedicated to public use."
Lots 7 and 8 have a frontage of 75 feet each on Woodvale Avenue, by a depth of approximately 125 feet. Photographs filed in evidence show that a large hard-surfaced boulevard has been constructed on these lots. The apartment complex to which the boulevard leads, cost approximately $2,600,000 and comprises 10 or 11 two-story buildings.
In the landmark case of Salerno v. De Lucca, 211 La. 659, 30 So.2d 678 (1947) the applicable law is stated as follows:
"It is the well established jurisprudence of this state that where restrictions have been inserted in deeds in pursuance of a general plan devised by the ancestor in title to maintain certain building standards and uniform improvements, such as those here under consideration, they are valid and enforceable, (citations omitted) These are real rights or covenants that run with the land for the benefit of land owners within the area and to prevent the violation of these restrictions injunction proceedings may be resorted to. (citations omitted)
"Although these stipulations are stricti juris and every doubt should be resolved in favor of the unencumbered use of the property, whether differences arise as to the extent or limitation of these restrictions, we must look to the intention of the party encumbering the property from the words used in the stipulations in the deed, consideration being given to the entire context of the instrument rather than to a single phrase or clause, for obviously those acquiring the property in the restricted area were motivated and influenced to purchase the same because of these limitations and they are entitled to the presumption that they will be fairly and faithfully complied with."
Recent cases in which these rules have been followed are Oak Ridge Builders, Inc. v. Bryant, 252 So.2d 169 (La.App. 3rd Cir. 1971); Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1961); McGuffy v. Weil, 240 La. 758, 125 So.2d 154 (1960); and Community Builders, Inc. v. Scarborough, 149 So.2d 141 (La.App. 3rd Cir. 1963).
In the present case it is clear that the building restrictions were created by the ancestor in title in pursuance of a general plan that the subdivision be used for residential purposes only and that no structures other than residences be erected. These are real rights or covenants running with the land. The owners of lots in the subdivision may enforce the violation of these restrictions by injunction.
The trial judge was clearly correct in concluding that defendants' use of Lots 7 and 8 for a wide hard-surfaced boulevard to provide ingress and egress for their apartment complex on adjacent property is a use other than for residential purposes and therefore is prohibited by the restrictions. Furthermore, this wide hard-surfaced boulevard is a "structure" which violates the restriction that no "structure" is permitted "except one or two story family dwellings and other appropriate outhouses."
*451 Defendant argues that even if the hard-surfaced thoroughfare constitutes a violation of the restrictions, it is so minor, technical and insignificant as not to justify the injunctive relief prayed for. In support of this contention he cites Fuller v. Hill Properties, 259 So.2d 398 (La.App. 2d Cir. 1972), in which the court held that a roof overhang of approximately 1.5 feet across the 10-foot side set-back line was so insignificant as to not justify injunctive relief by requiring that the roof overhang be removed. The Fuller case is readily distinguishable from the present matter on the facts. Here, the violation of the restrictions is substantial, both as to the use of the property for a purpose other than residential, and as to the construction of a structure which is clearly not a residence.
Defendant also argues that the defendants were in good faith since the deeds by which their ancestors in title acquired Lots 7 and 8 from Dwight W. Andrus, Inc., one of the original developers of this subdivision, contained a provision that these two lots could be used as an entrance to the apartment complex. The trial judge was clearly correct in rejecting the contention that Dwight W. Andrus, Inc., one of the parties who originally established the building restrictions on this subdivision in 1962, could unilaterally amend these restrictions in 1967 without following the procedures for amendment set forth in the original document establishing the building restrictions.
Finally, defendants made an argument in equity that they will suffer great hardship if their apartment complex loses this passageway, whereas plaintiff will suffer little harm, citing 20 Am.Jur.2d Sec. 328. We find no Louisiana jurisprudence supporting such an argument.
Furthermore, the plats and photographs filed in evidence show that the apartment complex has adequate access from another street. Defendants knew, or should have known from the public records, that they could not use these residential lots for a wide paved boulevard. Their good faith is doubtful. As far as plaintiff's equity is concerned, the photographs show this is an above average restricted residential subdivision. Many attractive homes have been built. Equity clearly favors the protection of these home owners who bought on the faith of the restrictions.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.