The CHATEAU VILLAGE NORTH
CONDOMINIUM ASSOCIATION,
Plaintiff-Appellee,

v.

Pamela S. JORDAN,
Defendant-Appellant.

No. 81CA0604.

Colorado Court of Appeals,
Div. III.

Jan. 14, 1982.

Rehearing Denied Feb. 11, 1982.

Certiorari Denied April 19, 1982.

Hutchinson, Black, Hill, Buchanan & Cook, William D. Meyer, Boulder, for plaintiff-appellee.

Guy A. Hollenbeck, Boulder, for defendant-appellant.

TURSI, Judge.

Pamela S. Jordan appeals the judgment of the trial court granting the Chateau Village North Condominium Association (Association) a permanent injunction enjoining her from maintaining pets in her condominium unit. We reverse.

Jordan is the owner of a condominium unit in Chateau Village North Condominiums. The condominium declaration provides that the Association may by rules or regulations prohibit or limit the keeping of animals in any unit or on the common elements of the condominium complex. The administrative rules and regulations appended to the by-laws of the Association provide in pertinent part:

"No cats, dogs, or other animal . . . shall be kept, maintained, or harbored in the development unless the same in each instance is expressly permitted in writing by the Managing Agent, or, if there is no Managing Agent, then by the Board of Managers."

Pursuant to this rule Jordan applied to the board of managers for permission to

keep two cats in her unit, and at a board meeting, she presented a petition signed by residents of the condominium which requested the board to grant the application. The board denied the application on the basis of their policy to allow no pets in the condominium units other than those that they referred to as being "grandfathered in." Jordan was notified by letter of the board's decision, but refused to remove her cats from the premises. The Association then instituted this action seeking a mandatory injunction to enjoin and restrain Jordan from continuing to harbor cats in her unit. The Association also requested the awarding of reasonable attorney's fees.

The trial court ruled that although the by-laws relied upon by the Association were adopted prior to the incorporation of the Association, they were nonetheless valid since they were impliedly ratified by acts of the Association and Jordan which evidenced their intent to recognize them as valid and binding. In applying the by-laws to Jordan the court found that the Association did not act arbitrarily in adopting a policy prohibiting all pets. The court also granted the Association's request for attorney's fees in the amount of $2,402 based upon the condominium declaration which stated that failure to comply with any of the by-laws would be grounds for reimbursement of all attorney's fees.

■ We agree with the trial court's conclusions that the by-laws under which the board acted in refusing Jordan's request did apply to her. The articles of incorporation and the by-laws were executed by the original incorporators on January 31, 1978, which was ten days prior to the filing of the articles of incorporation with the Secretary of State. Although this error in adoption was a technical defect, we conclude that because of the reliance upon and the treatment of the by-laws as valid by the board, they should be regarded as the by-laws of the corporation. *Graebner v. Post*, 119 Wis. 392, 96 N.W. 783 (1903). *See Paulek v. Isgar*, 38 Colo.App. 29, 551 P.2d 213 (1976). Furthermore, Jordan is estopped from objecting to the mode in which the by-laws

were adopted by virtue of her recognition of the by-laws and her applying for relief under them. 8 *W. Fletcher, Cyclopedia of the Law of Private Corporations* § 4201 (Perm. ed. 1966); *Moorestown Management, Inc. v. Moorestown Bookshop, Inc.*, 104 N.J.Super. 250, 249 A.2d 623 (1969).

■ We do agree with Jordan's contentions that the trial court erred in ruling that the Association did not act arbitrarily and capriciously in denying her request for permission to keep a pet. The rules and regulations adopted pursuant to the by-laws and the recorded condominium declaration were not a blanket prohibition on pets but rather a limitation which provided that pets could be kept in the development if permission to do so was granted by the Association. However, the board adopted a blanket policy against keeping pets, and denied this petition based solely upon that policy. In so doing, it exceeded its authority.

In *Rhue v. Cheyenne Homes, Inc.*, 168 Colo. 6, 449 P.2d 361 (1969), at issue was a restrictive covenant which, in substance, prohibited the construction or placing of a building on a lot unless the proposed construction was first approved by an architectural control committee, but which contained no specific standards governing the committee's determination. The court held that specific standards were not required provided that the intention of the covenant was clear and that the architectural control committee exercised its discretion in a reasonable and good faith manner, and in a manner which was not arbitrary or capricious.

The rule adopted by the Association here pursuant to the declaration is analogous to the restrictive covenants discussed in *Rhue*, see § 38–33–105, C.R.S.1973, and, therefore, the "reasonable and good faith standard" of *Rhue* applies. Since, under the rule, Jordan had the right to apply for permission to keep pets in her condominium unit, the Association had the duty to consider her application and apply its discretion in a reasonable and good faith manner. Rather than considering the facts of Jordan's individual application, the board of managers

merely relied upon its own policy prohibiting all pets in the complex. Because the board did not act in a reasonable and good faith manner in denying Jordan's application, the granting of injunctive relief and attorney's fees in favor of the Association was error.

The judgment of the trial court granting a permanent injunction and attorney's fees is reversed, and the cause is remanded with instructions to dismiss the complaint.

STERNBERG and KIRSHBAUM, JJ., concur.