481 So.2d 1008 (1986)
OAKBROOK CIVIC ASSOCIATION, INC.
v.
Charles SONNIER and Paula Sonnier.
No. 85-C-1320.
Supreme Court of Louisiana.
January 13, 1986.
*1009 George P. Bevan, Michael Patterson, McKinnis, Juban, Bevan, Mullins & Patterson, Baton Rouge, for plaintiff-applicant.
Russell Dornier, Gary, Field, Landry & Dornier, Baton Rouge, for defendant-respondent.
MARCUS, Justice.
On November 29, 1973, the Declaration of Covenants and Restrictions for Oakbrook Subdivision was filed in the conveyance office for East Baton Rouge Parish. Subsequently, Mr. and Mrs. Sonnier purchased lot eleven in the subdivision, and on August 22, 1983, pursuant to the covenants and restrictions, they submitted building plans for their proposed residence to the Oakbrook Architectural Control Committee (committee). By letter dated August 26, 1983, John Webb, chairman of the committee, notified the Sonniers that their plans were not in compliance with certain building restrictions and covenants of the subdivision. Lot eleven is a corner lot bordering on Oakbrook Drive and Oak Shadow Avenue. According to the plan submitted, the house would be "catty-cornered" on the lot, with the front twenty-one degrees off the line parallel with Oakbrook Drive. The garage and shop doors would open on Oak Shadow Avenue and would be sixty-five feet from the property line on that street. The committee interpreted Article VII, Section 12 of the building restrictions to require that the garage and shop doors must be set back one hundred feet from Oak Shadow Avenue since they opened on that street, even though the house faced Oakbrook Drive. Several meetings were held between the committee and the Sonniers. The committee recommended various changes to remedy this problem, including landscaping, fencing, or turning the doors to face the rear. The Sonniers, however, continued to insist that they were in compliance with the covenants and restrictions. By letter dated September 21, 1983, Ross J. Willis, President of Oakbrook Civic Association, informed the Sonniers that since the parties were unable to reach a satisfactory solution within the thirty day limit imposed by the building restrictions, their plan was rejected.
On October 11, 1983, the Sonniers submitted a second plan to the committee. In this plan, the house itself was left unchanged, but its location was moved, making the front of the residence parallel to the property line on Oakbrook Drive. By letter dated October 20, 1983, Webb rejected the second plan stating that the long unbroken roofline, the large expanse of garage and shop doors, and the use of roll-up sectional garage and shop doors created a commercial type of facade which was not in harmony with the surrounding residences, in violation of Article VI of the building restrictions. Despite the rejection of both plans, the Sonniers began construction of their house. Oakbrook Civic Association responded by filing a petition for injunctive relief.
The trial court granted a preliminary injunction based on the committee's finding that the configuration of the house on the lot was not in harmony with the surrounding structures, in violation of Article VI. The court found that the committee reasonably concluded that the Sonniers' house was not harmonious. The trial court, however, did not address whether the Sonniers' garage was required to be one hundred feet from the property line on Oak Shadow Avenue. The court of appeal reversed. It found that a building restriction as Article VI, which is couched in general terms and which prohibits total use of the property, is unenforceable as an inhibition of the free use and development of immovable property favored by law. The court of appeal further found that under Article VII, Section 12 of the building restrictions, the Sonniers were not required to set their garage one hundred feet back from the property line on Oak Shadow Avenue.[1] Upon application of the association, we granted certiorari *1010 to review the correctness of the court of appeal decision.[2]
There are two issues presented by this litigation. First, we must consider whether under Article VII, Section 12 the Sonniers are required to position their garage one hundred feet from Oak Shadow Avenue. Second, we must decide whether Article VI is enforceable in Louisiana, and, if so, if it applies in the instant case.[3]
The law is clear that building restriction clauses constitute real rights, not personal to the vendor, and inure to the benefit of all other grantees under a general plan of development, and are real rights running with the land; and that the remedy of the other grantees to prevent a violation of the restrictions by another is by injunction. Edward v. Wiseman, 198 La. 382, 3 So.2d 661 (1941). It is undisputed in the instant case that the building restrictions constitute a general plan of development which was properly filed, thus giving constructive knowledge of its contents to all prospective purchasers.[4]

Set Back From the Property Line
Article VII, Section 12 of the building restrictions provides:
Garages and carports may be attached to the main dwelling, but must not be nearer to the side or rear property line than fifteen (15) feet. Attached garages and carports shall not open to any street on which the residence faces, unless located wholly at least one hundred (100) feet from the front property line.
The association maintains that this provision should be interpreted to mean that garages must be set back at least one hundred feet from any street on which the residence has an elevation or entrance. According to the association, the intent of the provision is to preserve the appearance of the property on all streets, and the close proximity of garage doors to a facing *1011 street is a detriment to the property values of the subdivision.
Restrictive covenants are to be construed strictly. Clark v. Manuel, 463 So.2d 1276 (La.1985). Furthermore, the words of a contract are to be understood, like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use. La.Civ.Code art. 1946 (current version at La.Civ.Code art. 2047). The language of Article VII, Section 12 of the building restrictions requires that all garages and carports be at least fifteen feet from the rear and side property line; however, only those garages and carports which open onto the street which the residence faces must be one hundred feet from the property line. The Sonniers' garage is fifteen feet from the rear and side property lines. Since their house faces Oakbrook Drive and the garage opens onto Oak Shadow Avenue, the garage need not be one hundred feet from the property line on Oak Shadow Avenue. We conclude, therefore, that the court of appeal did not err in finding that the committee acted incorrectly in applying Article VII, Section 12 in the instant case.

Approval in Writing as to Harmony
Article VI of the building restrictions provides in pertinent part:
Review by Committee. No building, fence, wall or other structure shall be commenced, erected or maintained upon The Properties, nor shall any exterior addition to or change or alteration therein be made until the plans and specifications showing the nature, kind, shape, height, materials, and location of the same shall have been submitted to and approved in writing as to the harmony of external design and location in relation to surrounding structures and topography by the Board of Directors of the Association, or by an architectural committee composed of three (3) or more representatives appointed by the Board.
The record reveals that either the architectural committee or the board reviewed all construction plans for Oakbrook and on several occasions withheld approval until recommended changes were made. John L. Webb, a registered architect and chairman of the architectural committee, testified that the Sonniers' plan was disapproved because the long unbroken roofline, the large expanse of garage and shop doors, and the use of roll-up sectional garage and shop doors within one hundred feet of the property line on Oak Shadow Avenue created a commercial appearance which was not harmonious with the surrounding structures.
There is a conflict in the circuit courts as to whether a building restriction requiring approval of construction plans by a neighborhood committee, when no guidelines or very general guidelines for approval are provided, is enforceable in this state. The Fourth and Third Circuits have held that such restriction is unenforceable because it is too vague, indefinite and ambiguous. Lake Forest, Inc. v. Drury, 352 So.2d 305 (La.App. 4th Cir.1977), writ denied, 354 So.2d 199 (La.1978); Community Builders, Inc. v. Scarborough, 149 So.2d 141 (La.App.3d Cir.1962). The Second Circuit and the First Circuit, until the instant case, have upheld such a provision, determining the validity of the enforcement by the reasonableness of the committee's actions. Jackson Square Towne House Homes Assoc., Inc. v. Mims, 393 So.2d 816 (La. App.2d Cir.1981); 4626 Corp. v. Merriam, 329 So.2d 885 (La.App. 1st Cir), writ refused, 332 So.2d 800 (La.1976). The majority of the states which have considered the issue have held that covenants requiring submission of plans and consent before construction are valid and enforceable, even though they vest the approving authority with broad discretionary powers, so long as the authority to consent is exercised reasonably and in good faith.[5]
*1012 We think that the applicable rule in the instant case should be that where the power is granted to a committee to approve or disapprove the erection of a building based on a standard of whether it conforms to the harmony of external design and location in relation to the surrounding structures and topography, such a standard is not ambiguous and is enforceable, provided that the authority is exercised reasonably and in good faith.[6]
The issue remains whether the committee exercised its authority to disapprove the Sonniers' plans reasonably and in good faith. The trial court specifically found in its reasons for judgment that the committee acted reasonably in concluding that the Sonniers' residence was not harmonious with the surrounding structures. There is no evidence in the record, however, as to the external design of any structure in Oakbrook, with the exception of the Sonniers' proposed residence. No photographs, videotapes, testimony or other evidence revealing the external appearance of the other houses in the subdivision were included in the record. The only evidence presented was the conclusory statement of John Webb asserting that the building was not harmonious with the surrounding structures, and the conclusory statement of Henry Bretz, a general contractor, maintaining that the building was harmonious. Accordingly, there is no evidence upon which it can be determined whether the committee acted reasonably and in good faith in rejecting the Sonniers' plans. Hence, the trial court abused its discretion in granting a preliminary injunction.
When an injunction is sought to enforce a building restriction requiring submission of plans and consent before erection of a building based on a standard of whether it conforms to the harmony of external design and location in relation to the surrounding structures and topography, the burden of proof is on the party seeking the injunction to show that the authority was exercised reasonably and in good faith. In the instant case, this burden is on the association, which failed to produce sufficient evidence for a court to make a determination as to whether the restriction was violated.
Under the authority of La.Code Civ.P. art. 2164, we can and do remand cases for the introduction of additional evidence when we feel that by such action the ends of justice will be best served. See Hilliard v. Shuff, 260 La. 384, 256 So.2d 127 (1971). Since no previous Louisiana case has established the burden of proof under the circumstances herein presented, the ends of justice will be best served if the case is remanded to the trial court to permit the association to present further evidence as to the reasonableness and good faith of the committee's decision that the Sonniers' proposed residence is not in harmony with the surrounding structures.

Decree
For reasons different from that of the court of appeal, we reverse the trial court's granting of a preliminary injunction; the case is remanded to the trial court for further proceedings in accordance with the views herein expressed.
NOTES
[1] 470 So.2d 997 (La.App. 1st Cir.1985).
[2] 475 So.2d 1097 (La.1985).
[3] The Sonniers have also raised the issue of whether the disapproval of the plans by the committee met the thirty day time limit imposed by Article VI of the building restrictions.

Article VI provides in pertinent part:
In the event said board, or its designated committee, fail to approve or disapprove such design and location within thirty (30) days after said plans and specifications have been submitted to it, or in any event, if no suit to enjoin the addition, alteration, or change has been commenced prior to the completion thereof, approval will not be required and this Article will be deemed to have been fully complied with.
The first plan was submitted on August 22, 1983, and the letter rejecting the plan was dated September 21, 1983. Unless otherwise stipulated by contract, when the term for performance of an obligation is not marked by a specific date, but by a period of time, the term begins to run on the day after the occurrence of the event that marks the beginning of the term, and the obligor has until the end of the last day of the number enumerated. See La.Civ.Code art. 2058 (current version at La.Civ.Code art. 1784); Bourgeois v. N.J. Clesi, Inc., 38 So.2d 427 (La. App.Orl.1949). Applying this method of calculation, the plan was disapproved on the thirtieth day after it was submitted, and, therefore, it was rejected timely.
The Sonniers point to the fact that the rejection letter was postmarked September 22, 1983, and argue that under Article VIII, Section 2 of the building restrictions, the plan was not timely disapproved. Article VIII, Section 2 provides:
Notices. Any notice required to be sent to any Member or Owner under the provisions of the Declaration shall be deemed to have been properly sent when mailed, postpaid, to the last known address of the person who appears as Member or Owner on the records of the Association at the time of the mailing.
The flaw in the Sonniers' argument is that Article VIII, Section 2 only applies when notice is required to be sent to a member or owner, and nothing in Article VI, or any other article of the building restrictions, requires such notice when a plan is disapproved. Therefore, Article VIII, Section 2 does not apply, and the first plan was rejected timely. The second plan was submitted on October 11, 1983 and was rejected on October 20, 1983. Clearly the committee rejected this plan within the thirty day period.
Moreover, we reject the Sonniers' contention that because the first plan was disapproved on an erroneous ground that the rejection was not timely or that, thereafter, upon submission of the second plan, that the association could not reject that plan on other grounds.
[4] The law relative to building restrictions is presently codified at La.Civ.Code arts. 775 to 783. According to the official comments, the code articles do not change the law.
[5] See, e.g., Hannula v. Hacienda Homes, Inc., 34 Cal.2d 442, 211 P.2d 302 (1949); Rhue v. Cheyenne Homes, Inc., 168 Colo. 6, 449 P.2d 361 (1969); Alliegro v. Home Owners of Edgewood Hills, 35 Del.Ch. 543, 122 A.2d 910 (1956); Engvalson v. Webster, 74 So.2d 113 (Fla.1954); Winslette v. Keeler, 220 Ga. 100, 137 S.E.2d 288 (1964); McNamee v. Bishop Trust Co., Ltd., 62 Hawaii 397, 616 P.2d 305 (Hawaii 1980); Donoghue v. Prynnwood Corp., 356 Mass. 703, 255 N.E.2d 326 (1970); Normandy Square Assoc. v. Ells, 213 Neb. 60, 327 N.W.2d 101 (1982); Syrian Antiochian Orthodox Archdiocese v. Palisades Associates, 110 N.J.Super. 34, 264 A.2d 257 (1970); Friedberg v. Riverpoint Building Committee, 218 Va. 659, 239 S.E.2d 106 (Va.1977); see also Annot., 40 A.L.R.3d 864 (1971).
[6] Lake Forest, Inc. v. Drury, 352 So.2d 305 (La. App. 4th Cir.1977), writ denied, 354 So.2d 199 (La.1978); Community Builders, Inc. v. Scarborough, 149 So.2d 141 (La.App. 3d Cir.1962), to the contrary are overruled. Likewise, we disapprove the rationale of the court of appeal opinion in the instant case to the extent that it is contrary.