605 So.2d 984 (1992)
The PINES OF BOCA BARWOOD CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Alfred CAVOUTI and Grace Cavouti, Appellees.
No. 91-2990.
District Court of Appeal of Florida, Fourth District.
October 7, 1992.
Alaine S. Greenberg and Peter S. Sachs of Sachs & Sax, P.A., Boca Raton, for appellant.
Annette Friedman of the Law Offices of Annette Friedman, P.A., Boca Raton, for appellees.
LETTS, Judge.
The trial court found that a restriction in a condominium declaration against pets was a "`class two' restriction as defined in the case of Hidden Harbour Estates, Inc. v. Basso, 393 So.2d 637 (Fla. 4th DCA 1981)." Accordingly, it directed a verdict *985 in favor of the unit owner and against the condominium association. We reverse.
The restriction in question provided that "[a]n apartment owner shall not keep any domestic pets in his apartment without prior written permission from the Board." It was set forth in the declaration, which made it a category one restriction under Hidden Harbour. Such a restriction is considered a "covenant running with the land" and is clothed with a strong presumption of validity. The standard for review is whether any category one restriction is wholly arbitrary, in violation of public policy or an individual's constitutional rights.
On the other hand, where the use restriction is not set forth in the declaration, but is adopted as a rule by the board of directors, it is considered a category two restriction and the standard of review is quite different. In this latter category, the standard for review is whether the rule is reasonably related to the promotion of the health, happiness and peace of mind of all the unit owners. Hidden Harbour; Eastpointe Property Owners' Association, Inc. v. Cohen, 505 So.2d 518 (Fla. 4th DCA 1987).
We believe the trial court's characterization of the restriction here was improper. Since it was found in the declaration, it is a category one restriction. Under Hidden Harbour, this court need only decide whether the restriction was arbitrary and capricious or in violation of public policy. Prior decisions have upheld restrictions against pets and we see no reason to disagree with them. Wilshire Condominium Association, Inc. v. Kohlbrand, 368 So.2d 629 (Fla. 4th DCA 1979); see Chateau Village North Condominium Association v. Jordan, 643 P.2d 791 (Colo. App. 1982).
Because the restriction is a valid category one restriction, the trial court mischaracterized it and applied the wrong standard. The restriction requires prior written permission. No such permission was given before this dog came on the premises. As a result, there was a failure to comply on the part of the unit owner. The trial court, therefore, erred in granting a directed verdict.
In view of this holding, the trial court also erred in awarding attorney's fees to the unit owner and we reverse that award.
REVERSED AND REMANDED FOR RETRIAL.
GLICKSTEIN, C.J., and HERSEY, J., concur.