ON REHEARING
11 SAMS, Judge.
The plaintiffs appeal a judgment denying their request for a preliminary injunction to prohibit the defendants from using a subdivision lot as a roadway to access tracts of land located outside of the subdivision. For the following reasons, we reverse and remand.
FACTS
The plaintiffs, Pat Wright, Jerry Bros-sett, James Jones, Johnny H. Williams, and John L. Gathright, are lot owners in the Northwood Estates Subdivision located in Ouachita Parish, Louisiana. The residential subdivision is subject to the building restrictions contained in the declaration of restrictions filed in the conveyance records of Ouachita Parish. In October 2000, the defendants, Charlie and Buffy Griggs and Ord and Martha Sullivan, purchased Lot 12 in the subdivision. They began using the lot as a means to access their property located outside of the subdivision. The Griggs own approximately 56 acres behind Northwood Estates and the Sullivans own a 17-acre tract behind the subdivision.
On December 20, 2000, the plaintiffs filed a petition seeking an injunction to prohibit defendants from constructing a roadway across Lot 12 for the purpose of using the lot as a means to access their property behind the subdivision. After a hearing, the trial court found that the defendants’ use of Lot 12 for the sole purpose of gaining access to their other properties was not in contravention of the subdivision’s restrictions and covenants. The trial court rendered judgment denying plaintiffs’ request for a preliminary injunction. Plaintiffs appealed the judgment. This court’s |2original opinion affirmed the trial court’s judgment. Wright v. Griggs, 35,509 (La.App.2d Cir.2/8/02). Subsequently, we granted the plaintiffs’ application for rehearing.
DISCUSSION
The plaintiffs contend the trial court erred in refusing to issue an injunction prohibiting the defendants from using the lot as a means to access property outside of the subdivision. The plaintiffs assert that such a use is not for residential purposes and violates the building restrictions.
Building restrictions -are charges imposed by the owner of an immovable in pursuance of a feasible.general plan governing building standards, specified uses, and improvements. LSA-C.C. art. 775. Such restrictions are real rights running with the land and may be enforced by mandatory and prohibitory injunctions. LSA-C.C. art. 779. Once a plaintiff seeking an injunction, has established a violation of a restriction, the burden shifts to the defendant to prove a termination or abandonment of that restriction. Harrison v. Myers, 25,902 (La.App.2d Cir.6/22/94), 639 So.2d 402. Building re *789 striction clauses are to be understood in their common and usual meaning, in accord with their general and popular use. Oakbrook Civic Association v. Sonnier, 481 So.2d 1008 (La.1986).
We will therefore examine the language used in the “Northwood Estates Declaration of Restrictions and Covenents [sic]” to determine whether the trial court erred in its interpretation of the instrument as allowing defendants’ use of their lot, considering the document in its entirety. Article One of the covenants provides that “[n]o lot shall be used [-¡except for residential purposes.” This article further states that “[n]o building shall be erected, altered, placed or permitted to remain on any lot other than one single-family dwelling not to exceed two stories in height.” The restrictions thereafter refer to buildings, dwellings, fences, parking, signs, animals, vegetable gardens, dumping, individual water supply, plumbing, sewerage disposal systems, electrical power, use of guns and use of the lake.
Here, both Charlie Griggs and Ord Sullivan acknowledged that they purchased Lot 12 solely for use as an access road to their tracts of land located outside of the subdivision and that they did not intend to build a residence on the lot. The trial court opined that the present activity of the defendants did not violate the building restrictions.
However, in Beyt v. Woodvale Place Apts., 297 So.2d 448 (La.App. 3rd Cir.1974), the court found that the use of subdivision lots for a surfaced road to provide ingress and egress to apartments on adjacent land was a use other than for residential purposes and was a violation of the building restrictions. The court in Beyt determined that equity favored the home owners, who had relied on the restrictions when building their homes in the subdivision.
In the present case, the testimony established that Lot 12 will be used for access to the houses of the Griggs and the Sullivans and at least one other house. Thus, it is clear- that defendants intend to use the lot as access to multiple houses located outside the subdivision, rather than to accommodate a single-family dwelling consistent with the general scheme |4of the subdivision as reflected by the covenants. Although this situation does not involve apartments as in Beyt, the use of Lot 12 to facilitate the traffic to multiple homes would surely violate the spirit of the covenants. The record does not support the defendants’ attempt to distinguish the Beyt case from the present case by asserting that they are not creating a new roadway, but merely using an existing easement road. The evidence shows that defendants have significantly changed the nature of the servitude from an intermittently used utility easement serving the subdivision to a regularly traversed thoroughfare serving large tracts of property outside of the subdivision.
Multiple dwellings may not exist now, but as previously noted, the defendants have unequivocally stated that such construction is planned. In Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1960), the supreme court affirmed an injunction issued to prohibit a threatened violation of building restrictions by an owner who admitted that the house he planned to build would be in violation. Thus, the plaintiffs are not required to wait until a future date to exercise their right to enforce the restrictions. Based upon the defendants’ intended use of Lot 12, the plaintiffs have shown a violation of the building restrictions.
The defendants also contend that the prior use of the easement by other subdivision residents violated the restrictions such that the plaintiffs’ enforcement action *790 has prescribed. Contrary to the defendants’ contention, the evidence presented of infrequent uses of the easement to access other land does not demonstrate an abandonment of the restrictions or that the [Splaintiffs’ action is barred by prescription. Consequently, this court is of the opinion that the fact of a preexisting servitude does not support the defendants’ acknowledged intent to use the lot as a roadway to access two large tracts of land outside of the subdivision. After reviewing the record and considering the circumstances of this case, we conclude that the preliminary injunction should have been granted.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is reversed and the case is remanded to the district court for the issuance of a preliminary injunction enjoining the defendants from using, or permitting others to use, Lot 12 of the North-wood Estates subdivision as a roadway for accessing property outside of the subdivision, and further that the status quo be maintained pending a final determination of the parties’ rights. Costs of this appeal are assessed to the appellees, Charlie and Buffy Griggs and Ord and Martha Sullivan.
REVERSED AND REMANDED. '
WILLIAMS, J., concurs with written reasons.
BROWN, J., dissents with written reasons.
KITCHENS, J., dissents with written reasons.